Ex Parte Charles Dixon, Carroll Krepps, George Eccardt and George Brown.—52 S. W. (2d) 181.

Court en Banc, June 8, 1932.

*Scott Miller* for petitioners.

ATWOOD, C. J.—Petitioners Charles Dixon, Carroll Krepps, George Eccardt and George Brown seek release by the Habeas Corpus Act from the custody of Leslie Rudolph, Warden of the Missouri State Penitentiary.

Issuance and service of the writ and production of the bodies of petitioners were waived, and the warden filed return stating that he holds each of the petitioners under and by virtue of two commitments issued by the Circuit Court of Grundy County, Missouri, on November 30, 1929, at the November, 1929, term thereof, and by a commitment issued by the Circuit Court of Livingston County, Missouri, on April 8, 1930, certified copies of which commitments were attached to and made a part of his return.

It further appears from said return that on November 30, 1929, each of said petitioners pleaded guilty in the Circuit Court of Grundy County to an information charging grand larceny, to-wit, stealing an automobile, and to an information charging grand larceny, to-wit, stealing United States money, and pursuant thereto each was sentenced to be confined in the State penitentiary for a period of four years from November 30, 1929. It also appears from said return that on April 8, 1930, petitioners each pleaded guilty in the Circuit Court of Livingston County to a charge of robbery with firearms, based on an indictment, and on such plea each was sentenced to be confined in the penitentiary of the State of Missouri for a period of fifteen years ''said punishment to commence and begin at the termination of the sentence and judgment of imprisonment in the State penitentiary imposed by the Circuit Court of Grundy County, Missouri, against said defendant at the regular November term, 1929, thereof of four years for grand larceny of money and four years for grand larceny of an automobile, said judgment and sentence being dated November 30, 1929.''

■ The verified petition herein, which in the circumstances above mentioned is to be taken as and for the writ, states that the charge of robbery with firearms, to which petitioners pleaded guilty in the Circuit Court of Livingston County on April 8, 1930, was based upon the same act which the charge of grand larceny of money rested to which petitioners pleaded guilty in the Circuit Court of Grundy County on November 30, 1929. ■ The ground upon which petitioners seek release is that under the Fifth Amendment of the Constitution of the United States no person shall "be subject for the same offence to be twice put in jeopardy of life or limb," and petitioners having served the time for which they were sentenced in Grundy County they cannot now be held under the commitment from Livingston County. This constitutional provision, however is without application to the trial of criminal prosecution by a state because, as said in Gaines v. Washington, 277 U. S. 81, 85: "It has been well settled for years that the first ten Amendments apply only to the procedure and trial of causes in the Federal courts and are not limitations upon those in State courts. [Spies v. Illinois, 123 U. S. 131, 166, and cases cited.]" [See, also, U. S. Code Ann., Const. Part 2, p. 492.]

■■ A similar provision appears in Section 23 of Article II of the Constitution of Missouri, as follows, "nor shall any person, after being once acquitted by a jury, be again, for the same offense, put in jeopardy of life or liberty;" and the common-law rule that no person shall for the same offense be twice put in jeopardy is in force in this State. [State v. Linton, 283 Mo. 1, 22 S. W. 847.] While "the guaranty that no person shall for the same offense be twice put in jeopardy has always in this country been regarded as one of the most sacred rights of the individual," (State v. Toombs, 34 S. W. (2d) 61, 66, 326 Mo. 981), yet it is a personal privilege and may be waived. ■ [U. S. Code Ann. Const., Part 2, p. 492; Levin v. United States, 5 Fed (2d) 598, *certiorari* denied 269 U. S. 562.]

■ The doctrine is thus stated in 8 Ruling Case Law, pages 117, 118:

■ "In some jurisdictions the statutes permit former jeopardy to be proved under a plea of not guilty, but the general rule is that this defense must be presented at the proper time by a special plea in bar, and if such plea is not duly interposed the defense is waived and cannot be urged at any stage of the case, either during the taking of testimony or on a motion for a new trial, or on a motion in arrest of judgment, and, *a fortiori*, it cannot be urged for the first time in the appellate court, or on an application for a writ of *habeas corpus* after a second conviction."

■ See supporting cases cited in note on p. 134 of 6 A. & E. Ann. Cas., particularly, In re Maughan, 6 Utah, 167, 21 Pac. 1088, and In re Barton, 6 Utah, 264, 21 Pac. 998, holding that the defense of former jeopardy cannot be raised for the first time on an application made after the second conviction for a writ of *habeas corpus.* See, also, 16 C. J. p. 285; Gue v. City of Eugene, 53 Ore. 282; State v. Houghton, 45 Ore. 110; and People v. Cignarale, 110 N. Y. 23, 29, holding that by failing to interpose a plea in bar alleging a former conviction the defendant is deemed to have waived the matter, are illustrative of prevailing decisions in other jurisdictions; although Section 3664, Revised Statutes 1929, provides that the fact of a former acquittal or conviction of the same offense may be shown under the general issue or plea of not guilty. The most recent statement of the rule that has come to our notice appears in Am. L. Inst. Restatement, Admin. of the Crim. Law (Tent. 2), sec. 27, as follows:

''A person may be prosecuted for the same offense of which he has been acquitted or convicted if: . . .

''(b) He fails to object to a second prosecution at the proper time, or having objected abandons his objection;

''(c) He expressly consents to a second prosecution; . . .

''(g) He in any other way waives his right to object to a second prosecution.''

The only conclusion that can be drawn from the pleadings upon which the instant case is submitted is that petitioners failed to object to this second prosecution, if such it was, or to interpose the defense of former jeopardy in any manner whatsoever at the trial.

■ Moreover, Section 1457, Revised Statutes 1929, provides that in *habeas corpus* proceedings it shall be the duty of the court or magistrate forthwith to remand the party if it shall appear that he is detained in custody ''by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction.'' None of the exceptions to this provision enumerated in Section 1459 of the same statute are applicable to the facts here shown. ■ It is a general rule that the writ of *habeas corpus* does not perform the office or function of an appeal or a writ of error. It is an original proceeding in which judgments are not liable to collateral attack. [Ex parte Snyder, 29 Mo. App. 256, 263.]

If the circumstances of the case properly call for executive clemency relief may be had in that way, but we are powerless to order a discharge in this proceeding. For the reasons above stated petitioners are remanded. All concur.