STATE ex rel. Michael D.
SIMMONS, Petitioner,

v.

Carl WHITE, Supt., A.C.C., Respondent.

No. 75839.

Supreme Court of Missouri,
En Banc.

Nov. 23, 1993.

Rehearing Denied Dec. 21, 1993.

**444**

James Lowery, Columbia, for petitioner.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Simon, Asst. Atty. Gen., Jefferson City, for respondent.

### ORIGINAL PROCEEDING
### IN HABEAS CORPUS

PRICE, Judge.

Petitioner Michael D. Simmons obtained a writ of habeas corpus from this Court on June 29, 1993, solely for the purpose of reviewing his sentencing as a persistent offender under § 577.023.1(2), RSMo 1986.[1] Simmons alleges that the trial court violated his right to be free from double jeopardy by setting aside a judgment and sentence entered upon a guilty plea, by allowing amended indictments and a second guilty plea, and

by entering a new judgment and sentence. Because a circuit court loses jurisdiction over a criminal case after judgment and sentencing, we hold that Simmons' initial conviction and sentencing stands, that the subsequent proceedings were a nullity, and that Simmons has not suffered double jeopardy. We further hold that Simmons' failure to raise his present points on appeal or pursuant to Rule 24.035 precludes review by habeas corpus because they do not raise a jurisdictional issue or an issue of manifest injustice resulting from rare and extraordinary circumstances and warranting the relief requested.

### I.

Prior to the matters at hand, Simmons had three convictions for driving while intoxicated: October 3, 1988; December 14, 1988; and August 9, 1989. This writ arises out of two more charges of driving while intoxicated: No. CR491–1396FX, November 4, 1991; and No. CF492–630FX, May 22, 1992.

In each of the two charges here at issue, the state sought Simmons' conviction as a persistent offender pursuant to § 577.023.-1(2), RSMo 1986. The state initially alleged two of the three prior convictions in each charge. On July 10, 1992, Simmons pleaded guilty to the two charges. On August 18, 1992, he was sentenced to two five-year prison terms, to be served concurrently.

On August 24, 1992, the state filed amended informations alleging the additional prior conviction of driving while intoxicated that had occurred on December 14, 1988. This was apparently an effort by the state to comply with *State v. Stewart*, 832 S.W.2d 911, 913 (Mo. banc 1992), which was handed down June 30, 1992, and which held that the state must allege three prior convictions of driving while intoxicated in order to convict a person as a persistent offender.

On August 25, 1992, the court set aside the July 10 conviction and the August 18 sentencing ("first conviction and sentencing"). Petitioner again pleaded guilty, and the court

---

1. Section 577.023.1(2) states as follows:
   A "**persistent offender**" is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic of-

fenses committed at different times within ten years of a previous intoxication-related traffic offense conviction:

entered the same sentence of two five-year terms, to be served concurrently ("second conviction and sentencing"). Simmons was advised by his attorney at the second conviction and sentencing "that he should go ahead and plead guilty to the now newly filed 'Amended Informations' which had been filed the day before because of Mr. Simmons' desire to later petition the Court for probation after serving 120 days of his sentences."

## II.

Simmons raises three points by his request for a writ of habeas corpus. First, he alleges that the second hearing violated his constitutional right against double jeopardy. Second, he alleges that under *State v. Stewart*, he could not be sentenced as a persistent offender since the state only alleged two prior convictions at the first hearing and the second hearing was unconstitutional.[2] Third and finally, Simmons alleges that his failure to assert a claim for post-conviction relief under Rule 24.035 does not preclude him from now asserting a claim in habeas corpus.

### A.

■ We need not reach the double jeopardy issues raised by Simmons because everything that occurred after his first sentencing is a nullity. In *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 695 (Mo. banc 1979), this Court clearly held that once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule. See, for example, Rule 24.035, Rule 29.15 and § 217.775, RSMo 1986. Thus, the setting aside of the first conviction and sentencing and the entering of the second conviction and sentencing are

void. The first conviction and sentencing stand.

### B.

Simmons' second and third issues are interdependent. They raise the scope of review available under habeas corpus to a person who has failed to pursue appellate and post-conviction procedures to contest his or her judgment and sentencing.

At common law, a final judgment by a court of competent jurisdiction was immune from challenge by application for a writ of habeas corpus. *Ex parte Watkins*, 28 U.S. (3 Pet.) 193, 203, 7 L.Ed. 650 (1830); *Ex parte Dixon*, 330 Mo. 652, 52 S.W.2d 181, 182 (Mo. banc 1932). The common law writ was directed to the custodian of the prisoner and merely required the custodian to show the basis on which the prisoner was being held. *See Ex parte Watkins*, 28 U.S. (3 Pet.) at 195; *Ex parte Dixon*, 52 S.W.2d at 181. Such determination could typically be made on the basis of the record. *See Ex parte Watkins*, 28 U.S. (3 Pet.) at 201; *Ex parte Dixon*, 52 S.W.2d at 181–82. As such, the collateral review afforded by the writ of habeas corpus was extremely limited.

■ Both the statutes and the rules governing the state writ of habeas corpus establish procedures similar to the traditional writ. *Chapter 532, RSMo 1986; Rule 91*. First, the writ merely allows a prisoner to inquire into the cause of the confinement. *§ 532.010, RSMo 1986; Rule 91.01*. Second, the application for the writ is made to a court having jurisdiction and venue over the jailer. *§ 532.030, RSMo 1986; Rule 91.02*. Third, evidence on the legitimacy of the commitment is extremely limited. *§ 532.350, RSMo 1986*. Proceedings under Rule 91 are thus limited to determining the facial validity of confinement.[3] *§§ 532.430, 532.440, RSMo 1986*.

---

2. Petitioner asserts that *Stewart* requires his August 18, 1992, convictions to be modified to class A misdemeanors as a prior offender, based on his two prior convictions alleged by the State. Because the maximum sentence for a class A misdemeanor is one year, and because the date of the original sentence was August 18, 1992, petitioner contends that this time already has expired, making habeas corpus the proper remedy.

3. Such matters are by their nature very limited. For example, habeas review is available: 1) for decisions on bail, *§ 532.450, RSMo 1986; Rule 91.14;* 2) to determine whether a prisoner is being confined past the expiration of sentence, *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 426 (Mo. banc 1992); 3) to determine whether a parole revocation—which is not a final judgment by a court—was done pursuant to proper procedures, *State ex rel. Mack v. Purkett*, 825 S.W.2d

Simmons, however, seeks to utilize habeas corpus as a vehicle to raise claims as to the validity of his conviction that should have been raised by direct appeal[4] and by Rule 24.035. While Simmons' procedural default does not absolutely preclude him from seeking habeas corpus for this purpose, the scope of review to which he is entitled is extremely limited.

In *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989), the Court stated:

> Procedural default in remedies previously available may provide the basis for denying a petition in habeas corpus, and the petitioner, at a minimum, would have to establish that the grounds relied on were not "known to him" while proceedings under Rule 24.035 were available.

The Court also has stated that the failure to raise issues on direct appeal precludes their being raised in post-conviction motions "except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992) (citation omitted).

This state has established a procedural system that provides a timely review of criminal convictions. It allows for direct appeal and for post-conviction review of certain constitutional protections pursuant to Rules 29.15 and 24.035. Neither these proceedings nor habeas corpus, however, was designed for duplicative and unending challenges to the finality of a judgment.

A person who has suffered criminal conviction is bound to raise all challenges thereto timely and in accordance with the procedures established for that purpose. To allow otherwise would result in a chaos of review unlimited in time, scope, and expense. In accordance with our previous decisions, habeas corpus is not a substitute for appeal or post-conviction proceedings. Habeas corpus may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results. Simmons does not meet either of these tests.

#### i.

There can be little doubt that the informations and evidence supporting Simmons' first conviction and sentencing were inadequate in light of *Stewart*. The state alleged and Simmons admitted only two prior convictions, instead of the requisite three. While this deficiency might have justified relief on direct appeal or under Rule 24.035,[5] it did not destroy the court's jurisdiction.

In *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992), this Court held that when the insufficiency of an information is raised for the first time after conviction and sentencing the trial court is not deprived of jurisdiction unless the information failed "by any reasonable construction [to] charge the offense of which the defendant was convicted" or prejudiced the substantial rights of the defendant to defend. Here, the informations alleged the offenses of which Simmons was convicted, Simmons pleaded guilty to the offenses, and Simmons has failed to establish any confusion or prejudice. Accordingly, the failings of the informations and evidence below do not rise to the level of jurisdictional defects so as to justify habeas relief.

#### ii.

Neither do the circumstances below rise to a level of manifest injustice that excuses Simmons' failure to raise them on appeal or by Rule 24.035. We are convinced that petitioner's procedural defaults stemmed

851 (Mo. banc 1992); 4) when an individual is being held in custody without any authority— charges or judgment—whatsoever, *Ex parte Glenn*, 78 S.W.2d 108, 109 (Mo.App.1935); and 5) to present jurisdictional issues, § 532.430(1), RSMo 1986.

4. Although a plea of guilty ordinarily waives all defenses and errors, direct appeal still is proper to attack either jurisdiction or the sufficiency of an indictment or information. *See, e.g., State v. Mitchell*, 563 S.W.2d 18, 23 (Mo. banc 1978); *State v. Douglas*, 835 S.W.2d 383, 384 (Mo.App. 1992).

5. We are currently considering whether a similar case may be remanded to determine if a third prior conviction exists to support sentencing as a persistent offender. *State v. Cobb*, No. 75685.

not from unawareness, but from a calculated, strategic decision to forego both appeal and post-conviction motions in the hope of receiving probation within 120 days. The record reveals that Simmons and his attorney specifically discussed whether it was advisable to plead guilty to the second amended information. Simmons' statement of facts regarding this matter recounts the discussion as follows:

> Upon inquiry regarding what he should do when he came before the Court, Mr. Simmons was told by Mr. Glades that he should go ahead and plead guilty to the now newly filed "Amended Informations" which had been filed the day before because of Mr. Simmons' desire to later petition the Court for probations after serving 120 days of his sentences. Mr. Glades further told Mr. Simmons that he should cooperate with Judge Elliston and refrain from upsetting him; otherwise, continued Mr. Glades, Mr. Simmons' petition for probation after serving 120 days would be denied.
>
> After his consultation with Mr. Glades, Mr. Simmons went before Judge Elliston and was told by the Court "Michael we're going to have to redo what we did the other day. The Informations were defective." Mr. Glades waived the reading of the two new "Amended Informations" on Mr. Simmons' behalf and told the Court that he had "explained this to [Mr. Simmons]." The Court then stated "Michael, I'm going to—[inaudible] you still wish to enter a plea of guilty, is that correct?" Mr. Simmons replied in the affirmative.

Petitioner's Brief at 4 (citations omitted). Thus, petitioner's second guilty plea was knowing and determined. We can only assume Simmons chose not to pursue appellate or post-conviction relief for the same reason. While petitioner is free to choose his own strategy, he is bound by the consequences of his choice. By deliberately bypassing appellate and post-conviction remedies in an attempt to gain a more favorable consideration of his request for probation, Simmons waived his rights to those remedies. Habeas corpus is not available to pursue those rights out of time.

### III.

Simmons' request for relief in the form of habeas corpus is denied and he shall remain in custody in accordance with the sentence imposed on August 18, 1992.

All concur.