**STATE ex rel. Jeremiah W. (Jay) NIXON, Attorney General, Relator,**

v.

**The Honorable Ralph JAYNES, Circuit Judge, Randolph County, and, Norma Prange, Circuit Clerk, Randolph County, Respondents.**

No. SC 83480.

Supreme Court of Missouri, En Banc.

Dec. 4, 2001.

Rehearing Denied Jan. 22, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for relator.

Rosemary E. Percival, Asst. Public Defender, Kansas City, for respondents.

MICHAEL A. WOLFF, Judge.

**Introductory Summary**

Roderick Warren was tried and convicted in Jackson County in 1986 of one count each of arson, first degree assault, and armed criminal action. He was sentenced to life in prison plus 30 years. His direct appeal was dismissed in 1987 for failure to prosecute. The Jackson County Circuit Court appointed trial counsel to represent Warren in a post-conviction proceeding in 1988. Counsel failed, however, to correct a faulty verification of the post-conviction motion, file an amended motion, or seek an evidentiary hearing. The motion court accordingly denied relief in 1988. No appeal was taken .[1]

In 1998, Warren filed a motion to recall the 1987 mandate of the court of appeals. The court of appeals granted the motion, heard the appeal, and in 1999 affirmed Warren's convictions in an unpublished opinion noted as *State v. Warren,* 39 S.W.3d 112 (1999).

Warren, who is confined in the Moberly Correctional Center in Randolph County, petitioned the circuit court there for a writ

---

1. Warren's original post-conviction motion was filed on May 31, 1988, after the adoption of Rule 29.15, replacing Rule 27.26. In 1988, Rule 29.15(m) provided that a motion under Rule 29.15 could be filed before June 30, 1988, in a proceeding where sentence was pronounced before January 1, 1988, and no prior motion under Rule 27 .26 had been filed. Warren's original Rule 29.15 motion states that he never filed a Rule 27.26 motion to vacate the judgment, and the motion court determined that his original filing was under Rule 29.15.

of *habeas corpus* against the superintendent of the facility. His petition alleged that his 1986 trial counsel had a conflict of interest and abandoned him in the Rule 29.15 post-conviction proceeding. Warren sought, and the *habeas* court granted, a writ requiring the Jackson County Circuit Court to reopen the post-conviction case, *State v. Warren.* The court ordered the director of the Jackson County department of civil records to reopen and send to the sentencing court the post-conviction case "so that the sentencing court may appoint counsel who is free of conflict to represent Petitioner (Warren) in the 29.15 motion and allow Petitioner to file an amended motion for post-conviction relief."

■ Upon the State's request, this Court issued a writ of *certiorari* to review the granting of *habeas corpus* relief by the Randolph County Circuit Court. This Court's review on *certiorari* is limited to determining whether the writ should be quashed because the circuit court exceeded its authority. *State ex rel. Manion v. Dawson,* 284 Mo. 490, 225 S.W. 97 (1920), and *State ex rel. Stewart v. Blair,* 357 Mo. 287, 208 S.W.2d 268 (1947); see discussion of *certiorari* in *habeas* cases in *State ex rel. Nixon v. Jaynes,* 61 S.W.3d 243 (2001).[2]

*Habeas corpus* relief is recognized and available under the Missouri Constitution, article I, section 12, and provided for in sections 532.000 *et seq.,* RSMo, and Rule 91 to challenge the legality of a person's confinement. In the circumstances here, Warren has not pleaded facts sufficient to meet the standards for *habeas corpus.* Accordingly, and for reasons set forth more fully below, the record of the circuit

court granting a writ of *habeas corpus* is quashed.

## Discussion

Based on the allegations of the *habeas* petition, Warren was not well served by counsel representing him in his original appeal in 1987 and his Rule 29.15 motion in 1988. The court of appeals, ten years after dismissal of his original appeal, corrected the procedural default in the direct appeal by recalling its mandate and considering Warren's direct appeal. On this direct appeal, the court of appeals affirmed the conviction without opinion. *State v. Warren, supra.*

The subject of this proceeding, however, is not the direct appeal, but the default by counsel and consequent denial of Warren's original motion for post-conviction relief under Rule 29.15.

■ *Habeas corpus* is not a generic substitute for Rule 29.15. *State ex rel. Nixon v. Clark,* 926 S.W.2d 22, 25 (Mo. App.1996). *Habeas corpus* exists solely to challenge the legality of confinement or custody, not to correct procedural defaults as to post-conviction remedies.

A person convicted after trial has certain important rights under Rule 29.15. This post-conviction remedy allows the convicted felon to claim that the conviction or sentence "violates the constitutional laws of this state or the Constitution of the United States, including claims of ineffective assistance of trial and appellate counsel," and also encompasses claims that the trial court was without jurisdiction to impose sentence or that the sentence imposed was in excess of the maximum authorized by law. Rule 29.15(a).

**2.** The opinion cited has the same caption as this case because, though they are different cases involving different prisoners confined in the Moberly facility, the *certiorari* cases decided in this Court have the same relator, the attorney general, and the same respondent trial judge.

An indigent movant is entitled to appointed counsel. Rule 29.15(e).

Warren asserts that trial counsel appointed to represent Warren in the post-conviction proceeding in 1987 defaulted on his claim or abandoned him and that Warren's right to post-conviction remedy was thereby lost. *See Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). But that does not mean that *habeas corpus* relief is available.[3]

### Review by *Habeas Corpus*

■ At common law a final judgment by a court of competent jurisdiction was immune from challenge by writ of *habeas corpus*. *Ex parte Dixon*, 330 Mo. 652, 52 S.W.2d 181, 182 (1932). *See also, Ex parte Watkins*, 28 U.S. (3 Pet.) 193, 203, 7 L.Ed. 650 (1830). The writ at common law was directed to the custodian of the prisoner and required the custodian to show the basis for which the prisoner was being held. *Ex parte Dixon*, 52 S.W.2d at 181. In the words of Chief Justice Marshall, "[t]he writ of habeas corpus is a high prerogative writ, known to the common law, the great object of which is the liberation of those who may be imprisoned without sufficient cause." *Ex parte Watkins*, 28 U.S. at 202. Collateral review by *habeas corpus* is extremely limited, especially where there was a previous opportunity to litigate. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993).

The statutes and Rule 91 governing the writ of *habeas corpus* under Missouri law establish procedures similar to the traditional common law writ. For example, the writ merely allows a prisoner to inquire into the cause of his confinement. Rule 91.01. A petition for *habeas corpus* relief under Missouri law is said to be limited to

determining the facial validity of confinement, which is based on the record of the proceeding that resulted in the confinement. *State ex rel. Haley v. Groose*, 873 S.W.2d 221, 222 (Mo. banc 1994), citing *State ex rel. Simmons v. White*, 866 S.W.2d at 445.

■ A writ of *habeas corpus* can be issued when a person is held in detention in violation of the constitution or laws of the state or federal government. *McIntosh v. Haynes*, 545 S.W.2d 647, 652 (Mo. banc 1977). When such claims exist following a conviction, a defendant may pursue post-conviction relief under Rules 29.15 and 24 .035. These post-conviction proceedings compel a defendant to raise claims that, before the enactment of these post-conviction rules, might have been raised in a petition for *habeas corpus* relief. *See Wiglesworth v. Wyrick*, 531 S.W.2d 713, 715–16 (Mo.1976).

■ Post-conviction remedies are designed to provide a "single, unitary, post-conviction remedy, to be used in place of other remedies," including the writ of *habeas corpus*. *Id.*

■ If the defendant fails to raise such claims in post-conviction proceedings, the defendant waives them and cannot raise them in a subsequent petition for *habeas corpus*. *Smith v. State*, 887 S.W.2d 601 (Mo. banc 1994). A defendant who fails to raise such claims in post-conviction proceedings is said to have procedurally defaulted on those claims.

■ Thus, it is unusual for a court to consider a prisoner's petition for a writ of *habeas corpus* for claims that should have been raised in post-conviction proceedings.

---

**3.** Other grounds for Rule 91 *habeas* relief are not applicable here, for instance showing that a trial court's sentence exceeded the range of punishment allowed by law. *Osowski v. Purkett*, 908 S.W.2d 690, 691 (Mo. banc 1995).

### Habeas Relief and Post–Conviction Remedies

Since the inception of Missouri post-conviction proceedings, this Court has taken a narrow view of what a criminal defendant must show to obtain a writ of *habeas corpus* in order to overcome a previous procedural default. This Court has adhered to supporting post-conviction procedural deadlines, but in very limited circumstances has recognized that a defendant may be impeded from satisfying the deadlines through no fault of his own.

One narrow exception was recognized in *State ex rel. Simmons v. White*, 866 S.W.2d 443 (Mo. banc 1993), where *habeas corpus* was said to be available to challenge "a final judgment after an individual's failure to pursue appellate and post-conviction remedies only to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results." *Id.* at 446. *Simmons* also suggests that an exception exists when a petitioner can demonstrate that the claim was not "known to him" when he filed his 29.15 motion.[4] *Id.*

There is a balance that must be struck between the need for finality of judgments and the need to accommodate the claims of a purportedly innocent defendant wrongfully convicted. To balance these needs, this Court has dealt with *habeas corpus* petitions, after default in post-conviction proceedings, in a manner similar to that of the United States Supreme Court in dealing with successive federal *habeas* petitions or federal petitions that follow post-conviction default in state court. *Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc 2000). In only the most exceptional cases

do courts, state or federal, allow the opportunity to litigate claims after conviction that had been previously litigated or were defaulted and, thus, are procedurally barred. In federal *habeas* proceedings, when the state court decision is found to rest upon independent and adequate state grounds such as procedural default, the petitioner may obtain relief only by demonstrating either (1) "cause and prejudice" or (2) "manifest injustice." *See Schlup v. Delo*, 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and 513 U.S. at 332–334, 115 S.Ct. 851 (concurring opinion of O'Connor, J.).

This Court in *Clay v. Dormire* adopted the federal standard for "manifest injustice" but was not presented with a claim based upon "cause and prejudice." Subjecting Warren's claim to the "cause and prejudice" standard illustrates its deficiency.

The United States Supreme Court explained that the "cause" of procedural default "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

 To establish the "prejudice" necessary to overcome procedural default, a petitioner seeking to vacate, set aside, or correct a conviction or sentence in federal *habeas* bears the burden of showing, not merely that errors at his trial created possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v.*

---

4. *See Brown v. Gammon*, 947 S.W.2d 437 (Mo.App.1997), where "not knowing" exception was used to circumvent the 30–day time limit under Rule 24.035 for challenging a sentence upon a plea of guilty. Since Warren's *habeas* petition does not make a "not knowing" claim, we do not reach the question of whether the exception recognized in *Brown v. Gammon* survives *Clay v. Dormire*, 37 S.W.3d 214 (Mo. banc 2000).

*Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *See also, Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Schlup v. Delo,* 513 U.S. at 332–334, 115 S.Ct. 851 (O'Connor, J.). Even if this Court accepts the notion that Warren's attorney's default was adequate "cause" excusing the procedural default in the Rule 29.15 proceeding, he has utterly failed to plead facts that would demonstrate "prejudice" even under the *Strickland* standard.

Having failed the "cause and prejudice" test, Warren's claim also fails to meet the standard for showing manifest injustice—"actual innocence." The United States Supreme Court and this Court would excuse procedural default, even in the absence of cause, when the claims fall within a narrow class of cases involving a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Clay v. Dormire,* 37 S.W.3d at 217. A petitioner who cannot demonstrate cause and prejudice "must show that it is more likely than not that no reasonable juror would have convicted him in light of newly discovered evidence" in order to satisfy the miscarriage of justice exception to the cause and prejudice requirement. *Schlup,* 513 U.S. at 327, 115 S.Ct. 851. Thus under federal cases, manifest injustice involves a claim of "actual innocence." *Schlup,* 513 U.S. at 315, 115 S.Ct. 851.[5] In explaining "actual innocence," the Supreme Court observed that "actual innocence" does not require a

showing that the petitioner has "led an entirely blameless life." *Id.* at 328 fn. 47, 115 S.Ct. 851. "Reasonable doubt," the court said, "marks the legal boundary between guilt and innocence." *Id.* at 328, 115 S.Ct. 851. Thus, "actual innocence" means that the petitioner must show that it is more likely than not that "no reasonable juror would have found the defendant guilty" beyond a reasonable doubt. *Id.* at 328–29, 115 S.Ct. 851. The manifest injustice standard may also be satisfied where evidence of innocence is coupled with a showing of constitutional error at trial. *Id.* at 316, 115 S.Ct. 851.

This Court, as noted, has used the "actual innocence" standard in federal *habeas corpus* law to identify manifest injustice in Missouri *habeas corpus* cases. *Clay v. Dormire,* 37 S.W.3d at 217.[6] On this standard, Warren's *habeas* pleading falls short.

**Requirements for State *Habeas* Pleading**

Petitions for *habeas corpus* are civil proceedings and, as Rule 91 indicates, are governed by the rules of civil procedure. Rule 55.05 as to pleading requires that a petition set forth "facts" showing that the pleader is entitled to relief. Under *habeas corpus,* the relief that must be sought is a judgment finding that the prisoner is unlawfully confined under the standards discussed above. Warren makes no such allegation in his petition for writ of

---

**5.** Since *Schlup,* federal *habeas* relief has been subjected as well to the limits set forth in the Antiterrorism and Effective Death Penalty Act, section 101, 110 Stat. 1217, 1220 (1996) (codified at 28 U.S.C. § 2244(d) (2000) and 28 U.S.C. §§ 2261–2266 (2000)) ("AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."

*Tyler v. Cain,* 533 U.S. 656, ——–——, 121 S.Ct. 2478, 2481–82, 150 L.Ed.2d 632 (2001)).

**6.** There also are now claims of innocence recognized by the enactment of sections 547.035 and 547.037, RSMo Supp.2001, which deal with forensic DNA testing. This relief is available without time limits and without regard to claims of error in the original trial, unlike Rule 29.15.

*habeas corpus,* and in that respect, it is deficient.

■ A particular reason exists for following the language of civil Rule 55.05: that the pleading on its face will tell the trial court whether a review of the record or hearing is needed. If, as in this case, the pleader does not set forth facts that would establish the illegality of his confinement, the writ of *habeas corpus* can be denied without a hearing or review of the trial record. The fact-pleading requirement thus preserves the court's resources for holding hearings to those cases where the petition asserts valid grounds for *habeas corpus* relief.[7]

Here, Warren has pleaded the unavailability of Rule 29.15 relief because of his appointed counsel's conflict of interest and abandonment of his claim. Counsel was not Warren's choice, but that of the trial court that appointed Warren's trial counsel to represent him in the post-conviction proceeding. This lawyer, according to Warren's *habeas* pleading, was unable or unwilling, because of his conflict of interest, to pursue the claim that he, as trial attorney, was incompetent or ineffective and that the resulting convictions thus violated Warren's constitutional rights.

■ There is no absolute procedural bar to Warren in seeking *habeas* relief. Successive *habeas corpus* petitions are, as such, not barred. But the opportunities for such relief are extremely limited. A strong presumption exists, as *Schlup v. Delo* indicates, against claims that already have once been litigated.

Warren has failed to plead facts that, if proved, would cast doubt upon the factual basis of his conviction, no matter what standard is applied. He is thus not eligible for *habeas* relief.

## Rule 29.15 Relief

While the standards for *habeas* relief are very limited, nothing in this Court's decision precludes Warren from seeking Rule 29.15 relief in the sentencing court under *Luleff v. State,* 807 S.W.2d 495. *See also, Moore v. State,* 934 S.W.2d 289 (Mo. banc 1996). Warren has pleaded that the trial court deprived him of appointed counsel—a right granted under Rule 29.15(e)— because the court appointed a lawyer with a conflict of interest. If Warren proves that his appointed lawyer had a conflict of interest and thereby forfeited his rights,[8] then, under *Luleff,* the matter should be treated as though no counsel had been

7. *Kilgore v. State,* 791 S.W.2d 393 (Mo. banc 1990), is instructive. Kilgore's Rule 29.15 motion was dismissed by the motion court because it was unverified and untimely filed. This Court upheld the motion court's decision denying relief, but was troubled by an ambiguity in Rule 29.15 as to filing deadlines and by appointed counsel's unexplained failure to file any proper pleading after obtaining leave to amend. *Id.* at 396. Kilgore's case was before this Court on appeal from his Rule 29.15 motion and not on a petition for writ of *habeas corpus.* However, the court explained that if, in a *habeas corpus* proceeding, Kilgore were to plead and prove facts showing he was entitled to post-conviction relief and that the failure "to timely file a verified Rule 29.15 motion was not attributable to movant's intentional or negligent conduct and was due entirely to an ambiguity in the rule, coupled

with abandonment by appointed counsel, the question would be whether, in such limited circumstances, Rule 29.15 provided an adequate post-conviction remedy." *Id.* If the remedy is inadequate, "it might not bar state habeas corpus." *Id.*

8. Duties of appointed counsel under Rule 29.15(e) include the following:

Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion

appointed. If that is the case, Warren may wish to move to reopen his original motion under Rule 29.15 in the sentencing court, provided that his original motion was timely filed.

### Conclusion

Warren has pleaded enough to show that Rule 29.15 post-conviction relief was denied through no negligence or intentional conduct on his part. But Warren has failed to plead facts that, if proved, establish his right to *habeas corpus* relief. The record of the Circuit Court for Randolph County, which granted *habeas corpus* relief ordering a reopening of his Rule 29.15 post-conviction motion, is quashed.

LIMBAUGH, C.J., WHITE, HOLSTEIN, BENTON and PRICE, JJ., and MONTGOMERY, Sp.J., concur.

LAURA DENVIR STITH, J., not participating.

shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.