

# In the Missouri Court of Appeals
# Eastern District
## WRIT DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. | ) | ED104243 |
| Robert Parks, | ) | |
| Franklin County Prosecuting Attorney, | ) | |
| | ) | |
| Relator, | ) | |
| | ) | Writ of Prohibition |
| v. | ) | |
| | ) | 20R039500052 |
| | ) | |
| | ) | |
| THE HONORABLE DAVID L. HOVEN, | ) | |
| Associate Circuit Judge, Division VI, | ) | |
| Twentieth Judicial Circuit | ) | |
| 401 East Main Street | ) | |
| Union, Missouri 63084 | ) | |
| | ) | FILED: July 12, 2016 |
| Respondent. | ) | |

## Introduction

The Franklin County Prosecuting Attorney, Robert Parks, (Relator) has filed a petition for writ of prohibition seeking to prohibit the Respondent, the Honorable David L. Hoven, from setting aside the guilty plea and vacating the judgment and sentence in State v. Mark Sumpter, case number 20R39500052. We issued a preliminary order, which we now make permanent.[1]

---

[1] Respondent has filed a motion to strike part of the legal file. We grant the motion.

## Factual and Procedural Background

On December 17, 1994, Mark Sumpter (Sumpter) received a citation for operating a motor vehicle in an intoxicated condition (DWI).[2] The record reveals the following. On March 8, 1995, Public Defender Robert Peterson (Peterson) entered his appearance on Sumpter's behalf. On May 10, Sumpter was scheduled to appear in court, but he failed to appear and the trial court issued a warrant for his arrest. The record includes the following court filings:

- On July 6, Sumpter filed a *pro se* notarized "Appearance Waiver – Plea of Guilty" (the Appearance Waiver) stating that he was currently incarcerated in the Missouri Department of Corrections and that he wished to enter a plea of guilty.

- On July 17, Sumpter wrote a *pro se* letter to the court (the July 17 letter) again stating his wish to plead guilty and requesting a sentence of probation and time served. The July 17 letter was signed, but not notarized, and it included the following statement:

  > "On December 17, 1994, I was arrested for a misdemeanor of Driving While Intoxicated in which I had pulled off to the side of the road (I-44) to sleep off the intoxication and my keys were still in the ignition. ... I understand that what I done was wrong and I could have badly injured someone else or myself."

- On August 2, the parties filled out and signed a form entitled Criminal Docket Sheet/Disposition/Plea of Guilty (the Guilty Plea), listing the charge, case number, and parties. The Guilty Plea stated that Sumpter appeared by his attorney Peterson, entered a knowing and voluntary plea of guilty to misdemeanor DWI, and waived his trial rights; in exchange, the State recommended a sentence of 60 days with credit for time served. The

---

[2] The Jefferson County Prosecuting Attorney has filed a Request by a Nonparty to File Suggestions in Support of Relator and has conditionally filed suggestions in support pursuant to Supreme Court Rule 375(b) (2015), as Sumpter was charged in Jefferson County with the class C felony of DWI-persistent offender. Because it is not clear from the record that this information contained in the amicus brief was before Respondent, we deny the request.

2

Guilty Plea was signed by the prosecutor and by Sumpter, but not by the judge or by Peterson.

- On August 3, the judge signed a separate document entitled Disposition (Disposition), stating the charges and plea, and sentencing Sumpter to 60 days with credit for 60 days served.

Twenty years later, Sumpter filed a Motion to Correct Minute Entry or in the Alternative Motion to Withdraw Plea of Guilty and Request for Jury Trial. He argued that because the trial court did not sign the Guilty Plea document in which Sumpter waived his trial rights and pleaded guilty, the court had never formally determined there was a factual basis for his guilty plea and thus his guilty plea had no legal force or effect. Therefore, Sumpter requested that he be allowed to withdraw his plea under Rule 29.07(d).[3] The trial court on March 22, 2016 granted Sumpter's motion and set aside the Guilty Plea, holding that "the disposition did not conform to the applicable Supreme Court Rules, in that it was not signed by the Court, and there is nothing to indicate any factual basis for the Plea of Guilty." [4]

Relator seeks relief via this writ of prohibition to prevent the trial court from setting aside the 1995 Guilty Plea and the Disposition's entry of judgment and sentence. This Court issued a preliminary order.

## Discussion

A writ of prohibition is a discretionary writ that is appropriate to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-judicial authority. McCoy v. Martinez, 480 S.W.3d 420, 423-24 (Mo. App. E.D. 2016). The issue before this Court is whether Respondent lacked authority to set aside Sumpter's 1995 plea of guilty in

---

[3] All rule references are to Missouri Rules of Criminal Procedure (2015), unless otherwise noted.
[4] We note that as a general rule, hearings on a motion under Rule 29.07(d) should be on the record.

3

case number 20R39500052. We find Respondent exceeded his authority and we make the writ absolute.

"Once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction," and the trial court can take no further action in the case, except where granted express authority to do so by statute or rule. State ex rel. Simmons v. White, 866 S.W.2d 443, 445 (Mo. banc 1993). Here, Sumpter sought in 2015 to withdraw his guilty plea entered in 1995. The withdrawal of a guilty plea is controlled by Rule 29.07(d), which provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Relator argues here that there was no manifest injustice, and we agree.

There can be no inherent manifest injustice where the defendant's plea of guilty was voluntary and was made with an understanding of the charges against him. McCoy v. State, 456 S.W.3d 887, 891 (Mo. App. W.D. 2015). If, however, a defendant is "[misled] or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, he or she should be permitted to withdraw the plea." Id. There is no suggestion here that Sumpter was misled or induced to enter a plea of guilty. The record is clear—from the Appearance Waiver in which Sumpter stated his wish to plead guilty, the July 17 letter in which Sumpter again stated his wish to plead guilty and stated a factual basis for the charge, and the Guilty Plea in which Sumpter stated his plea to the misdemeanor DWI was knowing and voluntary—that Sumpter understood the charges against him and voluntarily entered a plea of guilty. And thus, the record here does not show manifest injustice.

4

Respondent seeks to avoid the question of manifest injustice by asserting the judgment was improperly entered and was thus not a valid and enforceable judgment, but after twenty years, the time for this claim has passed. A party must challenge a final judgment through the proper framework. The trial court has no authority over cases from twenty years ago, except as provided by rule or statute, and the rule raised here requires a finding of manifest injustice. See State ex rel. Simmons, 866 S.W.2d at 445. Sumpter specifically sought to set his aside guilty plea under Rule 27.04(d) and thus Respondent is bound by the requirements of that rule.

Moreover, we disagree that the 1995 judgment was not properly entered. Sumpter was charged with a misdemeanor DWI. The applicable version[5] of Rule 24.02(b) provides that "[e]xcept as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court." Mo. R. Crim. P. 24.02(b) (1995). Rule 31.03, however, allows that a defendant in a misdemeanor case may waive his right to enter a plea of guilty in person. Mo. R. Crim. P. 31.03(a) (1995).[6] Sumpter here through his Appearance Waiver waived his right to plead guilty personally in open court in accordance with Rule 31.03. In addition, Sumpter addressed the trial court in his July 17 letter and admitted the factual basis for the charges against him; he signed the Guilty Plea stating he was voluntarily pleading guilty and knowingly waiving his trial rights; and the trial court on August 3, 1995 signed the judgment that properly included the charges, guilty plea, verdict, and sentence. See Missouri Rule of Criminal Procedure 29.07(c) (1995) ("judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence").

---

[5] Where appropriate, we cite to the 1995 version of the Missouri Supreme Court rules; however, we note that the text of the relevant rules has not changed between 1995 and 2015.

[6] We note that, as demonstrated by the Missouri Supreme Court Rules themselves, courts are afforded more flexibility when dealing with misdemeanors than with felonies. Court may allow defendants charged with misdemeanors to waive certain rights that defendants charged with felonies may not. See, e.g., Mo. R. Crim. P. 24.02 & 31.03(a).

Further, although Respondent suggests that because Sumpter's attorney of record, Peterson, did not sign the form in which Sumpter pleaded guilty and was thus "apparently excluded in the disposition," the record does not support this interpretation. Rather, the form on its face states that "[t]he Defendant now appears ... by his attorney Peterson," which demonstrates that Peterson was not "excluded" from the guilty-plea proceeding. Moreover, we note that the Guilty Plea form does not even include a place for the defendant's attorney to sign.

The crux of Respondent's argument is that because the trial court did not sign Sumpter's August 2, 1995 written Guilty Plea, the trial court never determined a factual basis for the plea, and thus its August 3, 1995 judgment was invalid. While Rule 24.02(e) requires that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea," the rule does not dictate a specific procedure for how the trial court must make this finding. See Missouri Rule of Criminal Procedure 24.02(e) (1995). The record here in full demonstrates a factual basis for Sumpter's guilty plea. See Douglas v. State, 410 S.W.3d 290, 296 (Mo. App. E.D. 2013) (factual basis for guilty plea may be established "on the record as a whole"); see also Price v. State, 137 S.W.3d 538, 541 (Mo. App. S.D. 2004) ("Rule 24.02(e) is not constitutionally based; rather, its purpose is to aid in the constitutionally required determination that a defendant enter his or her plea of guilty intelligently and voluntarily"). Again, here there is no suggestion that Sumpter's 1995 guilty plea was not voluntary and knowing; rather, Respondent argues merely that the trial court in 1995 erred in its procedure.[7]

---

[7] The other errors raised now, twenty years after entry of judgment—namely, that the letter in which Sumpter admitted the factual basis for the charge was not notarized and thus *could* have been a forgery, that the *pro se* filings did not include the case number, and various typographical and filing errors—are hyper-technicalities that on their face are not sufficient to give rise to manifest injustice under Rule 29.07(d).

6

Because Sumpter entered his 1995 guilty plea knowingly and voluntarily, no manifest injustice occurred. Without a finding of manifest injustice, Respondent here was without authority under Rule 27.04(d) to set aside the twenty-year-old guilty plea in case number 20R39500052.

## Conclusion

The preliminary order in prohibition is made permanent. The Respondent is directed to set aside the order of March 22, 2016 and enter an order denying the motion to withdraw the 1995 Guilty Plea.

_____
Gary M. Gaertner, Jr., Judge

Lawrence E. Mooney, P.J., concurs.
James M. Dowd, J., concurs.