

# SUPREME COURT OF MISSOURI
## en banc

IN RE ROBERT J. BRANSON,      )    *Opinion issued April 29, 2025*
)
Petitioner,    )
)
v.      )    No. SC100870
)
MICHAEL SHEWMAKER, WARDEN,    )
SOUTH CENTRAL CORRECTIONAL    )
CENTER,    )
)
Respondent.    )

## ORIGINAL PROCEEDING IN HABEAS CORPUS

Robert J. Branson filed a petition for a writ of habeas corpus alleging his life sentence is unlawful because there was an insufficient factual basis to support his guilty plea to the class A felony of first-degree child molestation. By pleading guilty, Branson waived all challenges to the factual basis of his plea except for a Rule 24.035 motion for postconviction relief. Branson's claim does not fit within any valid exception permitting habeas review of procedurally defaulted claims. Habeas relief is denied.

## Factual and Procedural Background

The State charged Branson with six sex crimes for raping and sodomizing Victim while she was a child. The charges included three unclassified felonies, each exposing

Branson to the possibility of a life sentence and mandatory lifetime supervision if he was granted probation.[1]

On the day of trial, Branson negotiated an *Alford* plea to one count of the class A felony of first-degree child molestation and two counts of second-degree statutory rape.[2] The State filed an amended information consistent with the plea agreement. The State prefaced the child molestation charge as follows:

> COUNT I Child Molestation 1st Degree – Victim Is Less than 12 Years of Age – The Actor Has Previous Conviction – Under Chapter 566 Or Inflicts Serious Physical Injury/displays Deadly Weapon Or Dangerous Instrument/offense Is Part of Ritual or Ceremony

The State alleged Branson "committed the class A felony" of first-degree child molestation by knowingly subjecting Victim to sexual contact while she was younger than 12 years old.

When Branson committed the offenses, § 566.067, RSMo Supp. 2006, provided first-degree child molestation was a class B felony but could be enhanced to a class A felony if the victim was under the age of 12 and the defendant was a prior offender, inflicted serious physical injury, displayed a weapon or deadly instrument, or committed the offense

---

[1] *See* § 566.032 (authorizing a life sentence for first-degree statutory rape of a child under the age of 14); § 566.062 (authorizing a life sentence for first-degree statutory sodomy of a child under the age of 14); § 559.106 (requiring lifetime supervision for first-degree statutory rape and sodomy).

[2] In an *Alford* plea, the defendant pleads guilty while maintaining his or her innocence. *North Carolina v. Alford*, 400 U.S. 25, 38-39 (1970). "An *Alford* plea ... stands on equal footing with one in which an accused specifically admits the commission of the particular act charged." *Wilson v. State*, 813 S.W.2d 833, 843 (Mo. banc 1991) (internal quotation omitted).

as part of a ritual or ceremony. When he pleaded guilty, the statute provided first-degree child molestation is a class A felony in all cases in which the victim was younger than 12 years old. § 566.067, RSMo 2016.

During the plea hearing, the State never asserted, and Branson never acknowledged, any fact enhancing the first-degree child molestation charge from a class B felony to a class A felony under the version of § 566.067 in effect when Branson committed the offense. Branson, however, repeatedly acknowledged he was charged with a class A felony, faced a potential life sentence, and was pleading guilty voluntarily. The circuit court accepted Branson's knowing and voluntary guilty plea and sentenced him to life imprisonment for the class A felony of first-degree child molestation and to consecutive terms of seven years' imprisonment for each of the two counts of second-degree statutory rape. [3]

Branson filed a Rule 24.035 motion for postconviction relief. He did not allege a factual defect in his guilty plea or that his sentence exceeded the statutory maximum. The circuit court overruled the motion.

Branson appealed, claiming for the first time that the State failed to allege the facts necessary for a class A felony. The court of appeals affirmed the judgment, holding Branson waived this argument by not raising it in his Rule 24.035 motion for postconviction relief. *Branson v. State*, 633 S.W.3d 871, 875-76 (Mo. App. 2021).

---

[3] In addition to facts indicating Branson had "molested [Victim] pretty much continuously since she had been five or six years old[,]" the State's factual basis included the assertion that DNA testing showed Branson's sperm cells were present in a large stain in the crotch of a pair of Victim's shorts.

3

Branson filed a petition for a writ of habeas corpus alleging his sentence was excessive because the factual basis for his guilty plea included only the factual elements of a class B felony and omitted the necessary factual elements of a class A felony. The circuit court denied the petition. Branson filed a habeas petition with the court of appeals. The court of appeals granted the petition.[4] This Court granted the State's application for transfer and has jurisdiction. Mo. Const. art. V, § 10; Rule 83.04.

**Habeas Corpus**

"A writ of habeas corpus may be issued when a person is restrained of his or her liberty in violation of the constitution or laws of the state or federal government." *State ex rel. Sitton v. Norman*, 406 S.W.3d 915, 916 (Mo. banc 2013) (alteration omitted) (internal quotation omitted). "Even though the interests protected by the writ are fundamental, relief is limited in order to avoid unending challenges to final judgments." *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 546 (Mo. banc 2003). Therefore, "a writ of habeas corpus will be denied if one raises procedurally barred claims that could have been raised at an earlier

---

[4] A plea agreement is a contract. *Cornelius v. State*, 653 S.W.3d 655, 663 (Mo. App. 2022); *Puckett v. United States*, 556 U.S. 129, 137 (2009) (stating "plea bargains are essentially contracts"). "If plea bargaining is to fulfill its intended purpose, it must be conducted fairly on both sides and the results must not disappoint the reasonable expectations of either." *Schellert v. State*, 569 S.W.2d 735, 739 (Mo. banc 1978), *superseded by rule on other grounds*. Under the plea agreement in this case, the State vindicated its interest in law enforcement, while Branson significantly reduced his sentencing exposure. As the court of appeals recognized, Branson's argument that habeas relief requires resentencing him to a class B felony would result in a material breach of the negotiated plea agreement requiring rescission of the entire agreement, not merely resentencing for a class B felony. Under these circumstances, habeas relief would be a fleeting and pyrrhic victory, for the State would be fully authorized to bring any charges against Branson in accordance with the law.

stage[.]" *State ex rel. Johnson v. Vandergriff*, 668 S.W.3d 574, 576 (Mo. banc 2023) (internal quotation omitted). "Petitioners can overcome this procedural bar by showing a jurisdictional issue, cause and prejudice, or that manifest injustice would occur without habeas relief." *State ex rel. Dorsey v. Vandergriff*, 685 S.W.3d 18, 24 (Mo banc 2024).

The "manifest injustice … standard requires the habeas corpus petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc 2000) (internal quotation omitted). The actual innocence component of the manifest injustice standard serves as a "gateway" for habeas review of a procedurally defaulted constitutional claim. *Id.* Branson does not allege actual innocence. He does not allege cause and prejudice. Branson's habeas petition rests solely on a rarely recognized claim that his sentence exceeded the statutory maximum.

**Analysis**

Branson claims habeas relief is warranted because he was "sentenced to life in prison when the maximum punishment allowed by law was fifteen years." Branson concedes he entered a knowing and voluntary guilty plea to the class A felony and never raised this claim in his Rule 24.035 motion for postconviction relief. By entering a knowing and voluntary guilty plea, Branson waived "all nonjurisdictional defects, including statutory and constitutional guarantees." *State v. Rohra*, 545 S.W.3d 344, 347 (Mo. banc 2018) (internal quotation omitted).[5] He also waived "any challenge to the merits

_____

[5] This Court has recognized an exception to the general waiver rule when double jeopardy is at issue. *Feldhaus v. State*, 311 S.W.3d 802, 805 (Mo. banc 2010). Double jeopardy,

of the underlying conviction" except for a "Rule 24.035 motion for post-conviction relief to determine if the plea was entered knowingly and voluntarily" or if the conviction or sentence is unlawful. *Id*. Rule 24.035(a).[6] Despite his guilty plea, waiver, and procedural default, Branson claims he is entitled to habeas review under an excess sentence exception applied in cases like *State ex rel. Zinna v. Steele*, 301 S.W.3d 510 (Mo. banc 2010).

Because Branson pleaded guilty, Rule 24.035 provided the "exclusive procedure" to raise "in the sentencing court" any claim that "the sentence imposed was in excess of the maximum sentence authorized by law[.]" Rule 24.035(a). Effective since 1988, Rule 24.035 "is designed to avoid duplicative and unending challenges to the finality of judgment" in favor of "a single, unitary, post-conviction remedy, to be used in place of other remedies, including the writ of habeas corpus." *Swallow v. State*, 398 S.W.3d 1, 4 (Mo. banc 2013) (internal quotation omitted).

The understanding that Rule 24.035 is "used in place" of habeas corpus for postconviction claims dates to the origin of the rule. This Court's first decision addressing the effect of Rule 24.035 on habeas relief explained that, although "[a] confined person may always petition for habeas corpus[,] … [p]rocedural default in remedies previously

---

however, "is somewhat of an anomaly[.]" *Id*. All other "constitutional claims raised after a plea of guilty are nonjurisdictional" and waived. *Id*. In any event, Branson's claim there was an insufficient factual basis for his plea of guilty is not a constitutional claim. *Booker v. State*, 552 S.W.3d 522, 528 (Mo. banc 2018) (holding "a sufficient factual basis is not constitutionally required").

[6] Claims disputing the subject-matter jurisdiction of the circuit court or claims challenging the sufficiency of the charging document can also be raised on direct appeal following a guilty plea. *Rohra*, 545 S.W.3d at 347.

available may provide the basis for denying a petition in habeas corpus, and the petitioner, at a minimum, would have to establish that the grounds relied on were not 'known to him' while proceedings under Rule 24.035 were available." *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989). In *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993), this Court reaffirmed the original understanding of Rule 24.035, explaining "habeas corpus is not a substitute for appeal or post-conviction proceedings" and "may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results." *See also State ex rel. Clemons v. Larkins*, 475 S.W.3d 60, 76 (Mo. banc 2015).

Similar to the petitioner in *Simmons*, Branson "does not meet either of these tests." 866 S.W.2d at 446. Branson does not allege an actual jurisdictional defect, nor could he. The circuit court plainly had subject matter jurisdiction over his criminal case and personal jurisdiction over him for the crimes he committed in Missouri. Branson does not allege he is actually innocent despite his guilty plea. And he does not allege cause and prejudice from a claim that was not "known to him" when he filed his Rule 24.035 motion for postconviction relief. *Id.* Instead, he claims the circuit court erroneously sentenced him to life imprisonment after he pleaded guilty to a class A felony because the factual basis for his guilty plea established only a class B felony.

Missouri courts traditionally have conducted habeas review of procedurally defaulted excess sentence claims on the assumption an excess sentence is a jurisdictional defect. *Zinna,* 301 S.W.3d at 517; *see also State ex rel. Osowski v. Purkett*, 908 S.W.2d

7

690, 691 (Mo. banc 1995); *Merriweather v. Grandison,* 904 S.W.2d 485, 486 (Mo. App. 1995) (stating "[a] sentence which is in excess of that authorized by law is beyond the jurisdiction of the sentencing court"). That is incorrect. The circuit court's jurisdiction refers only to subject matter jurisdiction over civil and criminal cases and personal jurisdiction over the parties. *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 254 (Mo. banc 2009). When, as in this case, the circuit court had subject matter and personal jurisdiction over the defendant in a criminal case, an excess sentence is simply a legal error to be remedied on direct appeal, *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 231 (Mo. banc 2017), or by a timely motion for postconviction relief. *See* Rule 29.15(a); Rule 24.035(a).

In addition to originating from a flawed premise, *Zinna* and *Osowski* rely on *State ex rel. Dutton v. Sevier,* 83 S.W.2d 581, 582-83 (Mo. banc 1935), a case that assumes an excess sentence is a jurisdictional issue and pre-dates Rule 24.035's "single, unitary, post-conviction remedy" by more than 50 years. *See Swallow*, 398 S.W.3d at 4 (internal quotation omitted). *Zinna* and *Osowski*, therefore, are doubly flawed, as both cases flow from both a misunderstanding of an actual jurisdictional defect and misplaced reliance on cases like *Dutton*, which utilized a more expansive conception of habeas corpus pre-dating Rule 24.035.

The fundamental misunderstanding of jurisdiction and reliance on cases pre-dating Rule 24.035 is compounded by the lack of any sound reason to perpetuate excess sentence claims as a special exception permitting habeas review of procedurally defaulted claims. As established, this Court has consistently held "a writ of habeas corpus will be denied if

8

one raises procedurally barred claims that could have been raised at an earlier stage[.]" *Johnson*, 668 S.W.3d at 576 (internal quotation omitted). Branson clearly could have raised his claim at an earlier stage. Even after a guilty plea, an excessive sentence claim "can be raised on direct appeal." *State v. Russell*, 598 S.W.3d 133, 140 (Mo. banc 2020).[7] Likewise, Rule 24.035(a) specifically provides an avenue for claiming "the sentence imposed was in excess of the maximum sentence authorized by law[.]" Despite the procedural avenues for timely raising his excess sentence claim, Branson first raised the issue on appeal from the judgment overruling his Rule 24.035 motion for postconviction relief. As the court of appeals recognized, Branson's procedural default in failing to raise his excess sentence claim in his Rule 24.035 motion for postconviction relief in the circuit court resulted in a waiver of the claim. *Branson*, 633 S.W.3d at 875-76. Because Branson's habeas claim does not rest on an alleged manifest injustice, cause and prejudice, or an actual jurisdictional defect, there is no basis for utilizing habeas corpus to excuse his failure to raise the claim at an earlier stage.[8] What remains is an alleged legal error in sentencing that could have been raised and remedied earlier. There is no reason to further indulge the mistaken assumption that a sentencing error is a jurisdictional defect or to treat habeas

---

[7] In *Russell*, the defendant pleaded guilty to stealing. 598 S.W.3d at 135. The circuit court revoked probation and sentenced him to seven years for stealing as a class C felony. *Id*. at 136. The defendant appealed based on *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), which held stealing under § 570.030.1 cannot be enhanced to a class C felony. *Id*.

[8] Branson's claim that the circuit court sentenced him to a statutorily authorized term of life imprisonment for the class A felony is not even facially in excess of the circuit court's authority, let alone a jurisdictional defect. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (explaining "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence").

9

corpus as a successive opportunity to review a procedurally defaulted sentencing claim. *Zinna, Osowski*, and *Merriweather* are overruled to the extent they hold sentencing errors are an independent ground for habeas review of a procedurally defaulted claim.

Here, the record conclusively shows Branson knowingly and voluntarily pleaded guilty to a class A felony with full knowledge he faced a potential life sentence. Branson acknowledged he was making an "open plea" with no sentencing recommendation, he faced a potential life sentence, his counsel explained the plea to him and answered all his questions, and he was pleading guilty voluntarily.[9] The record shows Branson negotiated the plea in exchange for the dismissal of three class C felonies and an amended information changing three unclassified felony counts to a single class A felony and two class C felonies. By pleading guilty, he avoided exposure to three class C felonies and two potential sentences of life imprisonment for the unclassified felonies. Although the factual and legal predicates of Branson's sentencing error claim were apparent the moment he was sentenced, he did not raise it in his Rule 24.035 motion for postconviction relief. Branson thereby waived "his rights to those remedies" and is subject to the general rule that "[h]abeas corpus is not available to pursue those rights out of time." *Simmons*, 866 S.W.2d at 447. There may be buyer's remorse, but there is no jurisdictional defect and no manifest

---

[9] While Branson did not allege in his Rule 24.035 motion that his sentence exceeded the statutory maximum, he did allege counsel incorrectly advised he would receive only a maximum sentence of 10 years and that his plea was unknowing and involuntary because counsel misinformed him of the range of punishment for first-degree child molestation. Following an evidentiary hearing, the circuit court expressly found Branson "was not misled that he would receive a maximum punishment of ten years, and further was not misled as to the range of punishment. His plea of guilty was knowing and voluntary."

injustice in holding Branson to the consequences of the plea he knowingly and voluntarily entered.

## Conclusion

Branson waived his sentencing claim by not raising it in his Rule 24.035 motion for postconviction relief. There is no jurisdictional defect, cause and prejudice, or manifest injustice warranting habeas review of this procedurally defaulted claim. Habeas relief is denied.

_____
Zel M. Fischer, Judge

All concur.