**Arbary JACKSON, Appellant,**

v.

**MEMBERS OF the MISSOURI BOARD OF PROBATION & PAROLE, Respondents.**

**No. SC 90113.**

Supreme Court of Missouri,
En Banc.

Jan. 12, 2010.

Arbary Jackson, St. Louis, pro se.

Chris Koster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., for respondents.

PER CURIAM.

Arbary Jackson began serving a prison sentence in 1977. He was released on parole in 2001. Some years after being released on parole, Jackson was required to pay a fee authorized in 2005 by section 217.690, RSMo Supp. 2008.[1] Although the fee did not apply to the time Jackson already had spent on parole, he argues that applying the law to him for future services provided violates Mo. Const. art. I, sec. 13 as a law retrospective in its operation. The trial court correctly determined there was no violation.

"A statute is not retrospective or retroactive because it relates to prior facts or transactions but does not change their le-

---

1. Section 217.690.3 states: "The board has discretionary authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed under board supervision on probation, parole, or conditional release, to waive all or part of any fee, to sanction offenders for willful nonpayment of fees, and to contract with a private entity for fee collections services. ... Such services include substance abuse assessment and treatment, mental health assessment and treatment, electronic monitoring services, residential facilities services, employment placement services, and other offender community corrections or intervention services designated by the board to assist offenders to successfully complete probation, parole, or conditional release. The board shall adopt rules not inconsistent with law, in accordance with section 217.040, with respect to sanctioning offenders and with respect to establishing, waiving, collecting, and using fees."

gal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage, or because it fixes the status of an entity for the purpose of its operation." *Jerry–Russell Bliss v. Hazardous Waste*, 702 S.W.2d 77, 81 (Mo. banc 1985). The new fee for parole services does not change the effect of Jackson's conviction or his prior parole status. It does not create a new obligation, impose a new duty, or attach a new disability in respect to past transactions or considerations. *See id.* It is a fee for current and future services rendered.

The judgment is affirmed.

All concur.