**STATE of Missouri, ex rel. Chris KOSTER, Relator,**

v.

**The Honorable Randall R. JACKSON, Respondent.**

**No. WD 71165.**

Missouri Court of Appeals,
Western District.

Jan. 26, 2010.

Andrew W. Hassell, Esq., Jefferson City, MO, for appellant.

S. Kate Webber, Esq., Kansas City, MO, for respondent.

Before WRIT DIVISION: LISA WHITE HARDWICK, Presiding Judge, JOSEPH M. ELLIS and ALOK AHUJA, Judges.

## WRIT OF CERTIORARI

LISA WHITE HARDWICK, Presiding Judge.

The State of Missouri seeks to quash a writ of habeas corpus granted to Craig Mitchell by the Buchanan County Circuit Court. The court found that Mitchell, after pleading guilty to driving while intoxicated, was improperly sentenced as a persistent offender based on a prior municipal offense that resulted in a suspended imposition of sentence. The State contends the

court exceeded its authority in granting habeas relief because Mitchell procedurally defaulted on his sentencing claim by failing to raise it in a Rule 24.035 motion for post-conviction relief. For reasons explained herein, we affirm the writ of habeas corpus.

### FACTUAL AND PROCEDURAL HISTORY

On December 2, 2002, Mitchell pled guilty to driving while intoxicated, § 577.010,[1] as a persistent offender, § 577.023.1(2), due to two prior intoxication-related traffic offenses.[2] One of the prior offenses was a 2001 guilty plea to a municipal charge of driving while intoxicated, for which Mitchell received a suspended imposition of sentence and successfully completed probation.

After accepting Mitchell's guilty plea as a persistent offender on the 2002 offense, the court sentenced him to five years of imprisonment, suspended execution of the sentence, and granted probation. Mitchell's probation was revoked on November 10, 2005, and his five-year sentence was executed. He was subsequently released on parole but remained in the custody of the Missouri Department of Corrections at the Kansas City Community Release Center. Mitchell's parole is scheduled to end on August 1, 2010.

On March 24, 2008, the Supreme Court of Missouri issued a decision in *Turner v. State*, 245 S.W.3d 826 (Mo. banc 2008), which held that a prior municipal offense resulting in a suspended imposition of sentence could not be used to enhance punishment under Section 577.023.[3] *Turner* overruled the existing interpretation of the statute as set forth in *State v. Meggs*, 950 S.W.2d 608 (Mo.App.1997), which held that Section 577.023 authorized enhancement of a sentence based on a prior municipal offense that resulted in a suspended imposition of sentence.

On May 19, 2009, Mitchell filed a Petition for Writ of Habeas Corpus in the Buchanan County Circuit Court. In the petition, Mitchell alleged his confinement on the five-year prison term was unlawful under *Turner* because he had been sentenced as a persistent offender based on a prior municipal offense for which he had received a suspended imposition of sentence. Mitchell argued that he should have been charged as a prior offender, for which the maximum sentence was one year of imprisonment, and his sentence should have been completed on November 10, 2006, one year after his probation was revoked. The circuit court agreed, and on June 15, 2009, Judge Randall Jackson issued a judgment granting the writ of habeas corpus. The judgment ordered Mitch-

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. Missouri statutes provide increasingly severe punishments for repeat offenders of intoxication-related traffic offenses. § 577.023. An offender is deemed a "prior offender" if the offender has previously pleaded guilty to or been found guilty of one intoxicated-related traffic offense within the previous five years. § 577.023.1(3). An offender is deemed a "persistent offender" if the offender has previously pleaded guilty to or been found guilty of two or more intoxication-related traffic offenses within the previous ten years.

§ 577.023.1(2). When a defendant is charged with violating Section 577.010 as a prior offender, the offense is classified as a Class A Misdemeanor, which is punishable by up to one year of imprisonment. §§ 577.023.2, 558.011.1(5). When a defendant is charged with violating Section 577.010 as a persistent offender, the offense is classified as a Class D Felony, which is punishable by up to five years of imprisonment. §§ 577.023.3, 558.011.1(4).

3. Section 577.023 was amended in 2008 after the *Turner* decision.

ell's immediate release from custody and discharge from parole.

On June 20, 2009, the State of Missouri filed a Petition for Writ of Certiorari seeking to quash the writ of habeas corpus. This court granted certiorari and issued a preliminary writ prohibiting Judge Jackson from taking any further action on the writ of habeas corpus.

## STANDARD OF REVIEW

■ "Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." Rule 91.01(b). The consideration of a petition for writ of habeas corpus is limited to determining the facial validity of the confinement. *State ex rel. Nixon v. Jaynes,* 73 S.W.3d 623, 624 (Mo. banc 2002).

■ When the circuit court grants a petition for writ of habeas corpus, the State may obtain review by filing a petition for writ of certiorari in the appropriate appellate court. *State ex rel. White v. Davis,* 174 S.W.3d 543, 547 (Mo.App.2005). Certiorari is "available to correct judgments that are in excess or an abuse of jurisdiction, and that are not otherwise reviewable by appeal." *State ex rel. Nixon v. Sprick,* 59 S.W.3d 515, 518 (Mo.App. 2001). Upon review, the appellate court can either quash the writ or uphold the actions of the habeas court. *White,* 174 S.W.3d at 547. We review only questions of law and are generally limited to the record before the habeas court. *Id.*

Our review of habeas proceedings is generally "limited to a determination of whether the habeas court exceeded the bounds of its jurisdiction." *Id.* However, the meaning of "jurisdiction" must now be considered in light of the Supreme Court of Missouri's recent clarification of that term in *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009). *Webb* established that Missouri recognizes only two types of jurisdiction: personal and subject matter, both of which derive from constitutional principles relating to the circuit court's ability to exercise power over particular persons and categories of cases. *Id.* at 252–53. The instant case does not challenge the personal or subject matter jurisdiction of the circuit court; rather, it involves the authority or "jurisdictional competence" of the court to resolve Mitchell's claim by granting habeas relief. *Id.* at 254. Such matters of "jurisdictional competence" have no constitutional basis and are not recognized as issues of jurisdiction in Missouri. *Id.* Given the holding in *Webb,* we do not treat this case as raising a defect in the jurisdiction of the circuit court to grant habeas relief, but one involving an issue of the circuit court's authority to grant habeas relief in this instance or whether the court abused its discretion in granting such relief.

## ANALYSIS

■ The State contends the circuit court lacked authority to grant the writ of habeas corpus on the sentencing claim because Mitchell waived the claim by failing to raise it in a Rule 24.035 motion for postconviction relief and cannot overcome this procedural default.[4]

■ The procedures set forth in Rules 29.15 and 24.035 are designed to provide a " 'single, unitary, post-conviction remedy, to be used in place of other remedies,' including the writ of habeas corpus." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo. banc 2001) (quoting *Wigles-*

---

4. The State concedes the statutory interpretation of Section 577.023 provided in *Turner* can be retroactively applied in Mitchell's case. Thus, the State's only objection to habeas relief is the alleged procedural default or waiver as discussed herein.

*worth v. Wyrick*, 531 S.W.2d 713, 719 (Mo. banc 1976)). If a defendant fails to raise a claim during post-conviction proceedings that could have been raised, the defendant waives the claim and is barred from raising it in a subsequent petition for writ of habeas corpus. *Id.* However, a habeas petitioner can overcome this procedural default by demonstrating: (1) a claim of actual innocence; (2) a jurisdictional defect; or (3) that the procedural default was caused by something external to the defense and that prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage. *Brown v. State*, 66 S.W.3d 721, 731 (Mo. banc 2002).

■■■ A claim that the sentencing court has imposed a sentence in excess of that authorized by statute may be raised in a petition for writ of habeas corpus and is properly analyzed under the second of these exceptions. *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 515, 2010 WL 97996, at *5 (Mo. banc Jan.12, 2010).[5] Even if a habeas petitioner has failed to timely raise a claim in a Rule 24.035 motion, it is settled that the imposition of a sentence beyond that permitted by the applicable statute or rule may be raised by way of a writ of habeas corpus. *Id.*; *Merriweather v. Grandison*, 904 S.W.2d 485, 486 (Mo.App.1995).

In this case, Mitchell was sentenced as a persistent offender, supported, in part, by a guilty plea to a municipal charge of driving while intoxicated for which Mitchell received a suspended imposition of sentence. Following the interpretation of Section 577.023 provided in *Turner*, which

held that a prior municipal offense resulting in a suspended imposition of sentence could not be used to enhance punishment, the State failed to demonstrate Mitchell was a persistent offender. Thus, the sentencing court exceeded its authority in sentencing Mitchell to five years of imprisonment as a persistent offender because the factual predicate necessary to place Mitchell in this enhanced statutory range of punishment was lacking.

The State relies on *State ex rel. Simmons v. White*, 866 S.W.2d 443 (Mo. banc 1993), in arguing that the sentencing court's lack of authority is not a sufficient basis to excuse Mitchell's procedural default. In *Simmons* the defendant had pled guilty to a charge of driving while intoxicated and was sentenced as a persistent offender. *Id.* at 444. The State had referenced only two of the defendant's three prior convictions in the charging information. *Id.* Shortly after sentencing, the trial court set aside the conviction and permitted the State to file an amended information referencing all three of the petitioner's prior convictions in an attempt to comply with *State v. Stewart*, 832 S.W.2d 911 (Mo. banc 1992). *Id.* The *Stewart* decision, which was issued ten days prior to the defendant's guilty plea and seven weeks before his sentencing, held the State must allege three prior convictions of driving while intoxicated to support the conviction of a persistent offender. *Id.*

The defendant in *Simmons* pled guilty to the charges in the amended information and intended to petition the court for probation after serving 120 days of his sentence. *Id.* at 444–45. In his later petition for writ of habeas corpus, the defendant

---

5. Notably, *Zinna* affirmed the grant of habeas relief under the second *Brown* exception even though, in *Zinna*, the circuit court had statutory authority to impose the consecutive sentences the defendant challenged. 301 S.W.3d at 516, 2010 WL 97996, at *12 The imposition

of consecutive sentences in *Zinna* was foreclosed only due to the procedural defect that the court's oral pronouncement of sentence had failed to specify that the defendant's sentences would run consecutively as required by Rule 29.09.

challenged the validity of his second guilty plea, arguing the trial court had violated his constitutional right to be free of double jeopardy. *Id.* at 445. The Supreme Court of Missouri held that the second conviction was a nullity because the trial court had exhausted its jurisdiction after the first conviction and sentencing. *Id.* The Court also held that the first sentencing was "inadequate in light of *Stewart*" and might have justified relief on direct appeal or under Rule 24.035, but the Court declined to find the sentencing error worthy of habeas relief. *Id.* at 446.

*Simmons* differs from the instant case because the interpretation of the persistent offender statute in *Stewart* was available *before* the defendant pled guilty and was sentenced. As noted by the Court in *Simmons,* the defendant could have raised a claim based on *Stewart* on direct appeal or during post-conviction proceedings but instead made "a calculated, strategic decision" not to do so in the hope of obtaining a quick probation. *Id.* at 446–47 ("Simmons . . . seeks to utilize habeas corpus as a vehicle to raise claims as to the validity of his conviction that should have been raised by direct appeal and by Rule 24.035." (footnote omitted)). Thus, given the Court's conclusion that the defendant deliberately chose to bypass the available remedies by appeal or post-conviction motion, he failed to provide a compelling reason to overcome his procedural default.

In contrast, there is no question that Mitchell was not aware, and could not have been aware, of the *Turner* decision during the time in which he could have challenged his sentence in post-conviction proceedings because *Turner* was decided approximately five years after Mitchell pled guilty to the charge and after he was out of time to initiate Rule 24.035 proceedings. There is no indication that Mitchell "deliberately bypass[ed] appellate and post-conviction remedies," as occurred in *Simmons. Id.* at 447. Even if Mitchell had raised a sentencing claim on appeal or in a post-conviction motion, relief would most likely have been denied based on the prevailing interpretation of Section 577.023 in *Meggs.* Unlike the defendant in *Simmons,* Mitchell's only avenue for relief is this habeas proceeding.

The State concedes that *Turner* is applicable to Mitchell's sentencing claim. The record indicates that Mitchell was improperly sentenced as a persistent offender, and his sentence exceeds that permitted under the applicable law. Accordingly, he is entitled to habeas relief, and the circuit court did not err in granting his petition for writ of habeas corpus. The point on appeal is denied.

## CONCLUSION

Our preliminary writ is hereby quashed. We affirm the judgment of the circuit court granting the writ of habeas corpus.

All Concur.