

# In the
# Missouri Court of Appeals
## Western District

)
STATE EX REL. LONNIE R.   )
ROYAL,                          )   **WD79246**
)
          **Petitioner,**    )   **OPINION FILED:**
)   **January 19, 2016**
**v.**                      )
)
**JEFF NORMAN, WARDEN**   )
**BOONVILLE CORRECTIONAL**  )
**CENTER,**                  )
)
          **Respondent.**    )

## ORIGINAL WRIT OF HABEAS CORPUS

Before Writ Division: Gary D. Witt, Presiding Judge, Thomas H. Newton, Judge and
Cynthia L. Martin, Judge

Lonnie R. Royal ("Royal") filed a Petition for Writ of Habeas Corpus ("Petition") alleging that he is being confined in the Boonville Correctional Center by Jeff Norman, the Warden of Booneville Correctional Center ("Respondent") in restraint of his liberty because he was defectively sentenced for a felony when he only committed a misdemeanor. The Respondent concedes the merit of Royal's Petition. We issue our writ of habeas corpus.

**Factual and Procedural Background**

Royal was charged on July 31, 2007 with domestic assault in the third degree, a misdemeanor, in Texas County, Case Number 07X1-CR00527 ("Misdemeanor Case"). On November 7, 2007, Royal entered a guilty plea to this charge and was sentenced to six months in jail.

On January 23, 2008, Royal was charged in Texas County, Case Number 07X1-CR00577-01[1] with the class C felony of tampering with a victim in violation of section 575.270[2] ("Felony Tampering Case"). Section 575.270.3 provides that:

> Tampering with a witness in a prosecution, tampering with a witness with purpose to induce the witness to testify falsely, or victim tampering *is a class C felony if the original charge is a felony*. Otherwise, tampering with a witness or victim tampering is a class A misdemeanor. Persons convicted under this section shall not be eligible for parole.

(Emphasis added.) Royal's alleged tampering with the victim in the Misdemeanor Case led to his charge in the Felony Tampering Case.

On February 6, 2008, Royal pled guilty in the Felony Tampering Case to the class C felony of victim tampering even though an essential element of the crime--an original charge that was a felony--could not have been established on the guilty plea record as a matter of law. On the same date and at the same time, Royal pled guilty to charges in an unrelated criminal matter pending in Texas County, Case Number 07X1-CR00016-01 ("Unrelated Felony Case"). Following his guilty pleas, Royal was sentenced to seven years in the Felony Tampering Case with that sentence to be served consecutively to a

---

[1]The pleadings filed in this writ proceeding also refer to the Case Number as 07X1-CR00577.
[2]All statutory references are to the version of the statute in effect at the time of the referenced offense unless otherwise stated.

seven year sentence imposed in the Unrelated Felony Case. The imposition of both sentences was suspended and Royal was placed on four years probation.

In May 2009, Royal's probation was revoked and his suspended sentences in the Felony Tampering Case and in the Unrelated Felony Case were executed. Royal was committed to the custody of the Department of Corrections at the Boonville Correctional Center to serve his sentences. Royal did not file a timely post-conviction motion pursuant to Rule 24.035 challenging his conviction and sentence in the Felony Tampering Case.

On December 10, 2015, Royal filed a Petition for Writ of Habeas Corpus challenging his seven-year sentence in the Felony Tampering Case because an essential element of the crime of felony victim tampering was not established, as the related original charge in the Misdemeanor Case was not a felony. Royal acknowledges, however, that he admitted to conduct during his guilty plea hearing that would have subjected him to conviction of the class A misdemeanor of victim tampering pursuant to section 575.270.

On December 14, 2015, this court issued its Order to Show Cause directing Respondent to answer the Petition. The Respondent did so on December 28, 2015. Respondent concedes that Royal's charge and conviction in the Felony Tampering Case should have been classified as a class A misdemeanor because the related original charge in the Misdemeanor Case was not a felony.

3

## Analysis

Rule 91.01(b) provides that "[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." "'[I]t is settled that the imposition of a sentence beyond that permitted by the applicable statute or rule may be raised by way of a writ of habeas corpus.'" *Thornton v. Denney*, 467 S.W.3d 292, 295-96 (Mo. App. W.D. 2015) (quoting *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 517 (Mo. banc 2010)). Royal's Petition establishes that a sentence has been imposed beyond that permitted by applicable statute, and the Respondent concedes this point. Respondent concedes that Royal is entitled to habeas relief, as Royal's restraint for commission of a felony when he could only have been sentenced for the commission of a misdemeanor is unlawful.

Both Royal and the Respondent agree that a writ of habeas corpus should be issued; that Royal's conviction of the class C felony of victim tampering in the Felony Tampering Case (Case No. 07X1-CR00577-01) should be vacated; and that Royal's record of conviction in the Felony Tampering Case (Case No. 07X1-CR00577-01) should be amended to reflect that Royal is instead convicted of the class A misdemeanor of victim tampering pursuant to section 575.270. Both Royal and Respondent agree that Case No. 07X1-CR00577-01 should be remanded to the Circuit Court of Texas County so that Royal can be resentenced within the range of punishment authorized by law for the class A misdemeanor of victim tampering pursuant to section 575.270.

4

## Conclusion

Royal's Petition for a Writ of Habeas Corpus is granted and we issue our original writ of habeas corpus. Royal's conviction of the class C felony of witness tampering pursuant to section 575.270 in the Texas County Circuit Court in Case No. 07X1-CR00577-01 is vacated. Respondent is prohibited from further confinement of Royal with respect to this vacated conviction, and Respondent's records regarding Royal's incarceration, including Royal's Adult Institutions Face Sheet, shall be immediately amended to reflect vacation of the aforesaid conviction and recalculation of Royal's sentence or sentences for convictions in other than Case No. 07X1-CR00577-01. Royal's record of conviction in Case No. 07X1-CR00577-01 in the Circuit Court of Texas County is hereby amended to reflect that Royal was convicted following his guilty plea on February 6, 2008 of the class A misdemeanor of victim tampering pursuant to section 575.270. This matter is remanded to the Circuit Court of Texas County for re-sentencing of Royal accordingly, within the range of punishment authorized by law.

_____
Cynthia L. Martin, Judge

All concur

5