

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

IN RE: CHRISTOPHER CULP,      )
                    Petitioner,  )
                             )
v.                         )   WD80220
                             )
SCOTT LAWRENCE, WARDEN,  )   FILED: January 10, 2017
                  Respondent.  )

## On Petition for Writ of Habeas Corpus

### Before Writ Division: James E. Welsh, P.J., and Lisa White Hardwick and Alok Ahuja, JJ.

Christopher Culp pleaded guilty in the Circuit Court of St. Louis County to stealing property having a value of more than $500, in violation of § 570.030,[1] based on an incident which occurred on January 9, 2011. The circuit court classified Culp's offense as a class C felony and on October 19, 2011, it sentenced him to four years' imprisonment.

Culp was released on parole on September 28, 2012, almost a year after he began serving his sentence. Culp violated the conditions of his parole by failing to report to his parole officer. He was arrested on April 10, 2016, and returned to the Department of Corrections. Based on its refusal to credit Culp for the time he spent on parole while in absconder status, the Department currently calculates Culp's sentence as ending in October 2017.

---

[1] Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as updated through the 2010 Cumulative Supplement.

On September 13, 2016, Culp filed a Petition for Writ of Habeas Corpus in the Circuit Court of Cole County. In his Petition, Culp argued that his conviction for stealing should have been classified as a class A misdemeanor, not as a class C felony, in light of the interpretation of § 570.030 in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). Culp argued that he had already served more than the one-year maximum authorized sentence for a class A misdemeanor conviction, and that he was accordingly entitled to immediate release.

The circuit court denied Culp's Petition on November 7, 2016. He filed a similar Petition in this Court on November 18, 2016. We issued an Order to Show Cause on the same day, directing Respondent Scott Lawrence, the Warden of the Algoa Correctional Center, to file an answer to the Petition.

Having received Warden Lawrence's response to the Petition, and Culp's reply suggestions, we now issue a writ of habeas corpus directing that Culp's conviction of the class C felony of stealing be vacated, and that the record of his conviction be amended to reflect conviction of the class A misdemeanor of stealing. We order that Culp be released from State custody upon issuance of our mandate.

## Discussion

"'[A] writ of habeas corpus may be issued when a person is restrained of his or her liberty in violation of the constitution or laws of the state or federal government.'" *State ex rel. Clemons v. Larkins*, 475 S.W.3d 60, 76 (Mo. banc 2015) (quoting *State ex rel. Woodworth v. Denney*, 396 S.W.3d 330, 337 (Mo. banc 2013)). Culp's habeas petition contends that he was erroneously convicted of, and sentenced for, a class C felony, when he was guilty only of a class A misdemeanor. Culp did not challenge his conviction and sentencing in an appeal from his conviction, or in a post-conviction relief motion under Supreme Court Rule 24.035. Generally, an inmate cannot use a habeas petition to raise a claim which could have been asserted on direct appeal or in a post-conviction relief proceeding. *Id.* "[I]t is settled,"

2

however, "that the imposition of a sentence beyond that permitted by the applicable statute or rule may be raised by way of a writ of habeas corpus" despite the petitioner's failure to raise the issue in earlier proceedings. *State ex rel. Thornton v. Denney*, 467 S.W.3d 292, 295-96 (Mo. App. W.D. 2015) (citing *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 517 (Mo. banc 2010); *State ex rel. Koster v. Jackson*, 301 S.W.3d 586, 590 (Mo. App. W.D. 2010)). Under this principle, Culp is entitled to raise his claim that his conviction and sentence were unauthorized in a habeas petition. We note that Warden Lawrence has not argued that Culp's habeas petition is procedurally barred.

## I.

At the time of Culp's underlying offense, § 570.030 provided in relevant part as follows:

> 1. A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.
>
> . . .
>
> 3. Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:
>
>> (1) The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars . . . .
>>
>> . . .
>>
>> (3) The property appropriated consists of:
>>
>> . . .
>>
>>> (d) Any firearms . . . .
>
> . . .
>
> 8. Any violation of this section for which no other penalty is specified in this section is a class A misdemeanor.

3

The Missouri Supreme Court construed the felony enhancement provisions contained in § 570.030.3 in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). *Bazell* involved a prosecution for theft of a firearm. The Court held that § 570.030.3's enhancement provisions do *not* apply to the offense of stealing defined in § 570.030.1. It explained:

> The felony enhancement provision, by its own terms, only applies if the offense is one "in which the value of the property or services is an element." Stealing is defined in section 570.030.1 as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his consent or by means of deceit or coercion." The value of the property or services appropriated is not an element of the offense of stealing.

497 S.W.3d at 266.

Warden Lawrence argues that *Bazell* is inapplicable here for two separate reasons. First, he argues that *Bazell* only interpreted the enhancement provision for theft of a firearm found in § 570.030.3(3)(d). According to Warden Lawrence, *Bazell* should not be applied to the separate enhancement provision in § 570.030.3(1), which addresses offenses where "[t]he value of the property or services appropriated is five hundred dollars or more." Culp's stealing offense was enhanced to a class C felony based on § 570.030.3(1), *not* based on the enhancement for theft of a firearm found in § 570.030.3(3)(d).

*Bazell* is fully applicable to stealing convictions which were enhanced to a felony based on the value of the appropriated property. Both the firearm-specific provision at issue in *Bazell*, and the value-based enhancement provision found in § 570.030.3(1), are subject to the same introductory language of § 570.030.3. That introductory language states that the enhancements which follow apply only to "offense[s] in which the value of property or services is an element." *Bazell* holds that stealing is *not* an "offense in which the value of property or services is an

4

element," and therefore *none* of the enhancements listed in § 570.030.3 apply to the offense of stealing.

We rejected the argument made by Warden Lawrence in *State v. McMillian*, No. WD 79440, 2016 WL 6081923 (Mo. App. W.D. Oct. 18, 2016), in which we explained:

> *Bazell* made no distinction between the various ways the enhancement provision could be triggered. *Bazell* found that the statute under which McMillian was charged, section 570.030.1, does not contain as an element "the value of property or services." Therefore, section 570.030.3, which only applies where "the value of property or services" is an element of the offense, is inapplicable. The specific character of the enhancement sought under section 570.030.3 is irrelevant because the enhancement simply does not apply to section 570.030.1.

2016 WL 6081923, at *2. The Southern District recently followed *McMillian* in *State v. Turrentine*, No. SD34257, 2016 WL 6818938, at *2 (Mo. App. S.D. Nov. 18, 2016); *see also State v. Metternich*, No. WD79253, 2016 WL 7439121, at *2 (Mo. App. W.D. Dec. 27, 2016) (relying on *Bazell* to reverse stealing conviction which was enhanced to a felony by operation of § 570.030.3(1)). *McMillian*, *Turrentine* and *Metternich* each hold that *Bazell* applies to stealing convictions which were enhanced to a felony based on the value of the stolen property. Although these decisions are not currently final, we believe that they correctly interpret the Supreme Court's decision in *Bazell*, and we reach the same result.

Warden Lawrence also argues that, even if *Bazell* is otherwise applicable, it should not apply retroactively to Culp's stealing conviction, because his conviction was final before *Bazell* was decided. We reject this argument for the reasons fully explained in *State ex rel. Thornton v. Denney*, 467 S.W.3d 292 (Mo. App. W.D. 2015).

*Thornton* followed and applied *Turner v. State*, 245 S.W.3d 826 (Mo. banc 2008). *Turner* interpreted § 577.023, RSMo 2000, and held that "the use of prior municipal offenses resulting in an SIS [(*i.e.,* suspended imposition of sentence)]

5

cannot be used to enhance punishment [for driving while intoxicated] under section 577.023." 245 S.W.3d at 829. Thornton's conviction for driving while intoxicated had been enhanced from a misdemeanor to a Class D felony based, in part, on a conviction in a municipal court for which he received a suspended imposition of sentence (or "SIS"). 467 S.W.3d at 294-95. Under *Turner*'s interpretation of § 577.023, Thornton's earlier municipal offense should not have been used to enhance the punishment for his later driving while intoxicated conviction. After pleading guilty to felony driving while intoxicated, however, Thornton did not challenge the enhancement of his driving while intoxicated conviction in an appeal or post-conviction relief motion. Instead – as here – Thornton raised the issue in a habeas corpus petition. Like here, the State argued that the *Turner* decision could not be "retroactively" applied to Thornton's conviction. We rejected the State's argument, and explained:

> Thornton is not seeking the "retroactive" application of *Turner*. Instead, Thornton's argument is that under § 577.023 (as interpreted in *Turner*), the State failed to prove the requisite number of prior convictions necessary to support a finding that Thornton was a "persistent offender." Section 577.023 was in effect at the time of Thornton's guilty plea – it is not being applied retroactively. Moreover, the Missouri Supreme Court has held that "[i]n *Turner*, this Court made no new law; it merely clarified the language of an existing statute." *State v. Severe*, 307 S.W.3d 640, 642–43 (Mo. banc 2010). The Court held that – even before the *Turner* decision – "[t]he state was on notice by the plain language of section 577.023.16 that a guilty plea followed by a suspended imposition of sentence in 'municipal court' was not to be treated as a prior conviction." *Id.* at 644. . . .

> In these circumstances, where Thornton's petition relies on a judicial opinion interpreting a statute which was in effect at the time of his conviction, and that judicial opinion "created no new law," no retroactivity issue arises.

*Thornton*, 467 S.W.3d at 298.

Culp seeks to rely on a later judicial interpretation of a statute which was in effect at the time of his offense and conviction. Like the *Turner* decision at issue in

6

*Thornton*, the Missouri Supreme Court's decision in *Bazell* did not create a new rule of law – it merely interpreted and applied the plain meaning of § 570.030.3. The Court stated that "there is no need to resort to tools of interpretation because the language of section 570.030.3 is clear"; it also held that "the legislature clearly and unambiguously" specified that the enhancement provisions contained in § 570.030.3 did not apply to the offense of stealing. 497 S.W.3d at 266, 267. Because *Bazell* merely clarified the interpretation of a pre-existing statute, it did not create "new law" which would be subject to retroactivity analysis. We reject Warden Lawrence's argument that *Bazell*'s interpretation of § 570.030.3 cannot be applied to Culp's conviction.

## II.

Warden Lawrence also argues that Culp forfeited his right to relief under the "escape rule," because he absconded from parole by failing to report to his parole officer.

> The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice. The escape rule is applicable to both direct appeals on the merits and from motions for post-conviction relief under Rules 29.15 and 24.035. However, the escape rule only applies to errors that occurred prior to and up to the time of escape. Determining whether to invoke the escape rule is left to the sound discretion of the appellate court. In applying the escape rule, the relevant inquiry is whether the escape adversely affected the criminal justice system.

*State ex rel. Koster v. Oxenhandler*, 491 S.W.3d 576, 604 (Mo. App. W.D. 2016) (citations and internal quotation marks omitted).

We refuse to apply the "escape rule" to deny Culp habeas corpus relief. As emphasized in *Oxenhandler*, the escape rule generally "operates to deny the **right of appeal**." *Id.* (citation and internal quotation marks omitted) (emphasis added). "Even if the escape rule is presumed available to dismiss a petition for writ of habeas corpus, application of the rule is subject to the exercise of discretion." *Id.*

7

We refuse to exercise our discretion to apply the "escape rule" in this case. Warden Lawrence has provided us with no information concerning the nature of Culp's purported "escape"; the record does not reflect the length of Culp's failure to report to his parole officer, or the surrounding circumstances. Moreover, at the time of his offense, the maximum sentence for a class A misdemeanor was "a term not to exceed one year." § 558.011.1(6). Culp began serving his sentence on October 19, 2011, and was originally released on parole on September 28, 2012 – just three weeks short of a full year. Although the record does not reflect when Culp first absconded from parole by failing to report, he was not arrested for this parole violation until April 10, 2016 – well after any term of imprisonment or supervised release would have expired on a class A misdemeanor conviction. And because Culp has been incarcerated since his arrest on April 10, 2016, he has now served a term of imprisonment significantly longer than the maximum sentence authorized for a class A misdemeanor. In these circumstances, we will not apply the "escape rule" to permit the State to continue to detain Culp, so far beyond the time during which he was properly subject to punishment.

## Conclusion

Culp's Petition for a Writ of Habeas Corpus is granted. Culp's conviction of the class C felony of stealing in the Circuit Court of St. Louis County, Case No. 11SL-CR00525-01, is vacated, and Culp's record of conviction in Case No. 11SL-CR00525-01 is amended to reflect a conviction of the class A misdemeanor of stealing. Respondent is prohibited from further confinement of Culp with respect to the vacated felony conviction, and is ordered to amend the Department of Corrections' records to reflect the vacation of this felony conviction. Because Culp has served more time than the maximum authorized sentence for misdemeanor stealing, and because it does not appear that any other basis exists to confine him,

8

we order that Culp be unconditionally released from the State's custody upon issuance of our mandate.

_____
Alok Ahuja, Judge

All concur.

9