Frederick W. THORNTON, Appellant,

v.

MISSOURI BOARD OF PROBATION
AND PAROLE, Respondent.

WD 80295

Missouri Court of Appeals,
Western District.

OPINION FILED: April 25, 2017

Modified 5/30/2017

Frederick W. Thornton, III, Cameron, MO, Appellant, pro se.

Joshua D. Hawley, Attorney General, and Patrick J. Logan, Assistant Attorney General, Jefferson City, MO, Attorneys for Respondent.

Before Division Two: Thomas H. Newton, Presiding Judge, and James Edward Welsh and Karen King Mitchell, Judges

Karen King Mitchell, Judge

Frederick Thornton, III, appeals the trial court's grant of the Missouri Board of Probation and Parole's motion for judgment on the pleadings. He raises two arguments: (1) the trial court erred in finding that sovereign immunity barred his claim; and (2) the trial court erred in finding that intervention fees were properly assessed in light of Thornton's use of the Board's services. Finding no error, we affirm.

## Facts

On October 24, 2007, Thornton pled guilty to a charge of driving while intoxicated under § 577.010.1.[1] *Thornton v. Denney*, 467 S.W.3d 292, 293-94 (Mo. App. W.D. 2015). The court sentenced Thornton to four years in the Missouri Department of Corrections. *Id.* at 294. "Following Thornton's completion of an institutional treatment program," the court suspended execution of his sentence and placed him on probation for five years. *Id.* "On November 21, 2011, the court revoked Thornton's probation for the 2007 offense and executed his sentence, following his guilty plea to charges stemming from a January 28, 2011 accident in which another driver was killed." *Id.* During his time on probation, Thornton paid the Board $1,260.00 in intervention fees. Intervention fees are monthly fees paid "toward the costs of [Board] supervision." *Little v. McSwain*, 400 S.W.3d 461, 461 (Mo. App. E.D. 2013).

After his sentence was executed, Thornton filed a habeas corpus action, arguing that his charge, conviction, and sentence were improperly enhanced from a Class A misdemeanor to a Class D felony. *Thornton*, 467 S.W.3d at 293. On appeal, this court agreed, holding that the circuit court lacked the legal authority to sentence Thornton for a Class D felony DWI because "one of the convictions on which the circuit court relied to find him to be a persistent offender could not be used for enhancement purposes." *Id.* The circuit court subsequently resentenced Thornton to five months in the county jail (time served) for a Class A misdemeanor and refunded $213.00 to Thornton, the differ-

---

1. All statutory citations are to the Revised Statutes of Missouri, 2000, as updated through the 2007 Cumulative Supplement, unless otherwise noted.

ence between felony court costs and misdemeanor court costs.

Thornton then sent a letter to the Board, requesting a full refund of his previously charged and paid intervention fees. He argued that he should never have been placed on felony probation because the underlying conviction had been improperly enhanced to a felony. Thus, he concluded, he should never have been charged the corresponding intervention fees incurred while he served his allegedly improper probation. The Board rejected Thornton's request and advised him that the propriety of a conviction was irrelevant to the assessment of intervention fees because he "received the services of [the Board] and [was] therefore, responsible for the intervention fees."

Thornton then proposed the same argument to the state treasurer. The treasurer forwarded Thornton's request to the Board because "his office d[id]n't have any interest or ability to refund, intervention fees." In response, the Board reaffirmed its earlier position, stating "this issue has been addressed and will not be addressed again."

On July 21, 2016, Thornton filed a petition for declaratory judgment in the Circuit Court of Cole County, seeking a refund of his intervention fees, punitive damages from the Board for its "willful, malicious, and callous disregard for his [constitutional rights]," filing fees and expenses, and interest. The Board filed a motion for judgment on the pleadings, arguing that (1) Thornton's claim was barred by sovereign immunity; and (2) intervention fees were properly assessed in light of Thornton's use of the Board's services. Thornton filed a reply, asserting that sovereign immunity did not apply and reasserting the merits of his argument. In this motion, he also waived any claim for punitive damages.

The circuit court held a hearing and issued a memorandum order and judgment in favor of the Board on November 28, 2016. The court concluded that "Thornton's claim [wa]s barred by the doctrine of sovereign immunity." In the alternative, the court determined that Thornton's claim was nevertheless meritless because, under § 217.690.3, "[t]he Board may, in [its] discretion, require the payment of intervention fees." Thornton appeals.

## Standard of Review

█ When reviewing the grant of judgment on the pleadings, "[t]he pleadings are liberally construed and all alleged facts are accepted as true and construed in a light most favorable to the pleader." *Anderson v. Crawford*, 309 S.W.3d 863, 866 (Mo. App. W.D. 2010) (quoting *Armstrong v. Cape Girardeau Physician Assocs.*, 49 S.W.3d 821, 824 (Mo. App. E.D. 2001)). "[A] judgment on the pleadings will be affirmed only where under the conceded facts, a judgment different from that pronounced could not be rendered notwithstanding any evidence which might be produced." *Id.* (quoting *Armstrong*, 49 S.W.3d at 824). Further, "[t]o justify reversal, [an appellant] must demonstrate that each of the reasons for dismissal cited by the circuit court was erroneous; if [this court would] uphold any one of the grounds on which the circuit court relied, we must affirm." *Bray v. Mo. Dep't of Corrs.*, 498 S.W.3d 514, 516 (Mo. App. W.D. 2016).

## Analysis

Thornton argues that the court erred in granting the Board's motion for judgment on the pleadings in that (1) his claim is not barred by sovereign immunity, and (2) he is entitled to a refund of his intervention fees because of the adjustments made to the sentence on the underlying crime.

To begin, Thornton alleges his claim is not barred by sovereign immunity because

sovereign immunity applies to only tort claims. He argues that his declaratory judgment action does not constitute a tort claim; therefore, he concludes, sovereign immunity does not apply. The State argues that Thornton's claim was improperly brought as a declaratory judgment action and should, instead, have been brought as either a prima facie tort or as a suit for money had and received. Regardless of the propriety of the declaratory judgment action, we need not address this issue, as the court's judgment below was made in the alternative, and we agree with its decision that, even if not barred by sovereign immunity, Thornton's claim lacked merit.

■ Thornton argues that he is entitled to a refund of his intervention fees and that the Board's failure to refund them violates his right to due process because he was improperly placed on felony probation for a conviction that should not have been a felony. Thus, he concludes, without a proper felony conviction, he should not have been charged the corresponding intervention fees incurred while he served his allegedly improper felony probation. We disagree.

■ "The [B]oard has discretionary authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed under board supervision on probation, parole[,] or conditional release." § 217.690.3. The fee is unrelated to the underlying conviction and "does not change the effect of [the underlying] conviction." *Jackson v. Mo. Bd. of Prob. & Parole*, 301 S.W.3d 71, 72 (Mo. banc 2010). Instead, "[i]t is a fee for . . . services rendered." *Id.*

We have found no cases addressing the exact argument Thornton raises, but at least one federal court has determined that the intervention fees do not constitute "an additional punishment," and "[i]mposition of the fee does not violate [a probationer's] right to due process." *Jackson v. Mo. Bd.*

*of Prob. & Parole*, No. 4:10CV104 CDP, 2010 WL 5070722, *5, *6 (E.D. Mo. Dec. 7, 2010). Furthermore, nothing in the statute ties the assessment of fees to the nature of the underlying conviction. Rather, the statute was created to ensure that the Board received payment "for those services provided to the offender while . . . under the supervision of the Parole Board." *Id.* at *4. These services include "substance abuse assessment and treatment, mental health assessment and treatment, electronic monitoring services, residential facilities services, employment placement services, and other offender community corrections or intervention services designated by the board to assist offenders to successfully complete probation, parole, or conditional release." § 217.690.3.

The Board provided these services to Thornton while he was on probation, regardless of the propriety of his probation, and he has not suggested otherwise. Therefore, the Board properly charged him a fee under the discretion given it by § 217.690.3. Though his sentence was ultimately reduced in a habeas corpus action, that reduction negated neither his receipt of valuable services from the Board nor the Board's authority to charge him for those services under the statute. Thornton cites nothing to suggest a contrary result. Accordingly, his point is denied.

### Conclusion

The Board acted within its discretion in assessing a fee under § 217.690.3 because the Board made its services available to Thornton. The trial court did not err in granting the Board's motion for judgment on the pleadings. Its decision is affirmed.

Thomas H. Newton, Presiding Judge, and James Edward Welsh, Judge, concur.